Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead
Plaintiff and for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD PARKS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOLDEN HEAVEN GROUP HOLDINGS LTD., QIONG JIN, and JINGUANG GONG, <br><br> Defendants. | Case No. 2:23-cv-10619-HDV-SK <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BHAVIK DESAI TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** <br><br> CLASS ACTION <br><br> JUDGE: Hernán D. Vera <br> Hearing Date: April 4, 2024 <br> Time: 10:00 A.M. <br> CTRM: 5B |

[Additional caption on next page]

1

| MAHAFUJUR RAHMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN HEAVEN GROUP HOLDINGS LTD., QIONG JIN, and JINGUANG GONG,<br><br>Defendants. | Case No. 2:24-cv-00423-HDV-SK<br><br>CLASS ACTION<br><br>JUDGE: Hernán D. Vera |
|---|---|

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Bhavik Desai ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)  consolidating the above-captioned actions;

(2)  appointing Movant as Lead Plaintiff for all persons other than defendants who purchased or otherwise acquired the securities of Golden Heaven Group Holdings Ltd., Inc. ("Golden Heaven" or the "Company") between April 13, 2023 and December 8, 2023[1], inclusive (the "Class Period"), to recover

---

[1] The first-filed action, *Parks v. Golden Heaven Group Holdings Ltd., et al.*, case no. 2:23-cv-10619-HDV-SK has a class period of April 13, 2023 through November 13, 2023, inclusive. The later-filed action, *Rahman v. Golden Heaven Group Holdings Ltd., et al.*, case no. 2:24-cv-00423-HDV-SK, has a class period of April 13, 2023 through December 8, 2023. A more inclusive class period is favored at the lead plaintiff stage. *See, e.g., In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead

2

damages caused by defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On December 19, 2023, this action was commenced by Rosen Law against the Company, Qiong Jin and Jinguang Gong (collectively, "Defendants") for violations under the Exchange Act. That same day, a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The above-captioned related action styled as *Rahman v. Golden Heaven Group Holdings Ltd..,* case no. 2:22-cv-00423-HDV-SK, was subsequently filed in this District asserting substantially similar facts and claims as the instant action, but with a longer Class Period.

According to the complaints, Golden Heaven has stated that it "manages and operates six properties consisting of amusement parks, water parks, and complementary recreational facilities." *Parks*, Dkt. No. 1, at 2; *Rahman*, Dkt. No. 1, at 4. Golden Heaven is incorporated in the Cayman Islands, and its principal place of business is in China. *Parks,* Dkt. No. 1, at 2. Golden Heaven stock trades on the NASDAQ Exchange under the ticker symbol "GDHG." *Id*.

The complaints allege that throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business,

plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

3

operational and financial results. Specifically, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Golden Heaven's amusement parks are in generally poor condition; (2) Golden Heaven materially overstated the number of visitors to its amusement parks and overall growth prospects; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Parks*, Dkt No. 1, at 12. *Rahman*, Dkt. No. 1, at 14.

Then, on November 13, 2023, Hindenburg Research ("Hindenburg") posted on X.com (formerly known as Twitter) a series of posts under the heading "NEW FROM US: We Are Short Golden Heaven Group, Another Classic 'China Hustle.'" (the "Report"). *Parks*, Dkt. No. 1, at 12. In pertinent part, the Report revealed that Defendant Qiong Jin has "a history of undisclosed fraud allegations and asset freezes in China", discussed how "[t]he company was taken public by securities firms with multiple FINRA infractions", and revealed that Golden Heaven's "claimed high-tech parks appear to be dystopian hellscapes." *Id.* at 13. Hindenburg also stated that it had investigated each of Golden Heaven's amusement parks, and had encountered very few guests. Further, Hindenburg revealed that Golden Heaven's parks were unclean. One park included a "water attraction" which was really just a "large pond full of trash." *See Generally* Dkt. No. 1 at 14-20.

On this news, the price of Golden Heaven stock declined by $6.63 per share, or 27.9%, to close at $17.12 on November 13, 2023. *Id.* at 21.

Then, on November 16, 2023, during pre-market hours, Golden Heaven issued a press release to respond to Hindenburg's allegations (the "November 16 Press Release") which "largely failed to address, much less rebut, Hindenburg's allegations[.]" *Rahman*, Dkt. No. 1, at 24.

4

In "apparent response to the Company's lack of a detailed rebuttal", the *Rahman* action alleges that Golden Heaven's stock price fell $1.35 per share, or 6.83%, to close at $18.43 per share on November 16, 2023. *See Id*. at 25.

Then, December 6, 2023, after market close, Golden Heaven issued another press release which did not issue a detailed response to Hindenburg's allegations. *See Id.*

On this news, Golden Heaven's stock price fell $18.76 per share, or 88.99%, to close at $2.32 per share on December 7, 2023. *Id.*

Finally, on December 8, 2023, during market hours *Bloomberg* published an article entitled "Chinese Amusement Park Falls 90% a Month After Hindenburg Short" (subsequently updated to "Chinese Park Owner Falls 93% a Month After Hindenburg Short"). *Id.* This article quoted Hindenburg's founder as saying "[u]nfortunately, the Nasdaq exchange is littered with dozens of obvious China-based scams. These companies commonly lure in unsuspecting U.S. retail investors through Telegram, Discord, or WhatsApp chat groups then exit through the kind of 'rug pull' decline we are seeing with Golden Heaven[.]" *Id.* at 27.

On this news, the price of Golden Heaven stock declined by $0.96 per share, or 41.38%, to close at $1.36 per share on Friday, December 8, 2023. *Id.* The next trading day, the stock declined a further 3.68%. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or

trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

6

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $104,860 in connection with his purchases of Golden Heaven securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.  Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating

false and misleading statements about Golden Heaven and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.    Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant has a Bachelor of Commerce degree and works in the mortgage industry. He lives in Oakville, Canada and has been investing for four years.

**IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BHAVIK DESAI TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:23-cv-10619-HDV-SK

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law Lead Counsel. The firm has been actively researching the class' and Movant's claims including reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants, including filing the first of the related actions. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and have obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   February 20, 2024                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and for the Class*

11

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Bhavik Desai, certifies that this brief contains 2,487 words, which complies with the word limit of L.R. 11-6.1.

Executed on February 20, 2024.


/s/ Laurence M. Rosen

12

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On February 20, 2024, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BHAVIK DESAI TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 20, 2024.

/s/ Laurence Rosen
Laurence M. Rosen

13