MICHAEL BEST & FRIEDRICH, LLP
Evan S. Strassberg (219336)
esstrassberg@michaelbest.com
2750 East Cottonwood Pkwy, Suite 560
Cottonwood Heights, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Attorneys for Defendant
R.F. Lafferty & Co.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE GOLDEN HEAVEN GROUP HOLDINGS LTD. SECURITIES LITIGATION | Case No. 2:23-CV-10619-HDV-SK |
|  | CLASS ACTION |
|  | **REPLY IN SUPPORT OF DEFENDANT R.F. LAFFERTY & CO.'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | Hearing Date: January 30, 2025<br>Time: 10:00 a.m.<br>Judicial Officer: Hon. Hernán D. Vera |

Defendant R.F. Lafferty & Co. ("Lafferty"), by and through its undersigned counsel of record, hereby submits this reply in support of its Motion to Dismiss Amended Class Action Complaint (ECF No. 76) ("Motion") and in response to Plaintiff's Memorandum of Points and Authorities in Opposition to Golden Heaven Group Holdings Ltd., Cogency Global, Inc., Colleen Devries, and R.F. Lafferty & Co.'s Motions to Dismiss Plaintiff's Complaint (ECF No. 85) ("Opposition").

## I.  INTRODUCTION

Lafferty moved to dismiss the two claims asserted against it, i.e., Plaintiff's Section 12 and Section 11 claims. In his Opposition, Plaintiff concedes and "withdraws" his Section 12 claim. Plaintiff also cannot point to any allegations in his Amended Complaint to save his Section 11 claim.

As established by the case law, Plaintiff's conclusory and boilerplate allegations that his shares were traceable to the IPO, without any further factual support, are insufficient to allege standing.

## II. ARGUMENT

### A. Plaintiff Concedes on His Section 12 Claim.

Lafferty's Motion set forth that Plaintiff lacks standing under Section 12 because Plaintiff did not (and could not) allege he purchased his shares directly from Golden Heaven. Plaintiff's Opposition concedes this argument and "voluntarily withdraws [the] Section 12 claims." *See* Opposition (ECF No. 85) at 24, n. 12. Therefore, Plaintiff's Section 12 claim (Count III) must be dismissed.

### B. Plaintiff Fails to Point to Any Allegations in the Complaint Alleging Standing Under Section 11.

Lafferty's Motion set forth that Plaintiff lacks statutory standing under Section 11 because the Amended Complaint does not plausibly allege Plaintiff's shares were traceable to the IPO. In response, Plaintiff now argues the IPO shares were the only shares available for purchase, claiming that Golden Heaven's shares were all "issued in a single offering under one registration statement." *See* Opposition (ECF No. 85) at 27. However, this statement is contradicted by the Amended Complaint and the prospectus, both of which establish there were 50,000,000 shares issued and outstanding prior to the IPO. *See* Amended Complaint at ¶ 150 ("immediately before and after the IPO, Defendant Jin owned 15 million ordinary shares of Golden Heaven, constituting 30% of Golden Heaven's total *outstanding shares before* the IPO") (emphasis added); April 13, 2023 prospectus, attached as Exhibit A to Declaration of Evan Strassberg (ECF No. 73-3), at 47 and 108 ("As of the date of this prospectus, there are 50,000,000 ordinary shares issued and outstanding").

Plaintiff claims there is no evidence these shares entered the market,[1] but the inverse is true as well—there is no evidence (or allegation) these shares did not enter the market. Thus, like the allegations in *Century Aluminum,* Plaintiff's allegations "remain stuck in 'neutral territory,'

---

[1] Notably, Plaintiff's allegation that the previously issued shares never entered the market was not included in the Amended Complaint.

*Twombly*, 550 U.S. at 557, because they do not tend to exclude the possibility that [his] shares came from the pool of previously issued shares." *See Century Aluminum,* 729 F.3d 1104, 1108.[2]

It is Plaintiff's burden to plausibly allege that the shares he purchased are traceable to the offering in question. *E.g. Century Aluminum,* 729 F.3d at 1107; *see also, Wells Fargo Mortg. Backed Certificates Litig*., 712 F. Supp. 2d 958, 963 (N.D. Cal. 2010) ("The burden of tracing shares to a particular public offering rests with plaintiffs.").  The only allegations regarding traceability in the Amended Complaint are that the shares were purchased "pursuant and/or traceable to the to the Registration Statement issued in connection with the IPO" and "issued in or traceable to Golden Heaven's IPO." Amended Complaint (ECF No. 63) at ¶¶ 342, 354, 362, and 365.  As clearly set forth in the case law cited in Lafferty's and Golden Heaven's motion to dismiss, these conclusory allegations are insufficient to establish standing.  *See*, *e.g., Century Aluminum*, 729 F.3d at 1108 ("[T]he conclusory allegation that plaintiffs 'purchased Century Aluminum common stock directly traceable to the Company's Secondary Offering' does not allow us to draw a reasonable inference about anything because it is devoid of factual content."); *Scott v. ZST Dig. Networks, Inc.,* 896 F. Supp. 2d 877, 883 (C.D. Cal. 2012) ("District courts in this Circuit addressing the issue have uniformly held that mere boilerplate allegations of traceability are insufficient to plead this standing requirement"); *Cullen v. Ryvyl Inc*., No. 3:23-cv-0185-GPC-SBC, 2024 U.S. Dist. LEXIS 36420, at \*19 (S.D. Cal) (finding that the statement that "Plaintiff purchased the Company's securities

___

[2] Plaintiff's allegations are even less specific than those in *Century Aluminum*, wherein the Ninth Circuit reasoned as follows:

> Accepting the allegations as true, plaintiffs' shares could have come from the secondary offering, but the "obvious alternative explanation" is that they could instead have come from the pool of previously issued shares. *Twombly*, 550 U.S. at 567. Plaintiffs' allegations are consistent with their shares having come from either source.  When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, *see Twombly*, 550 U.S. at 554, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.

729 F.3d 1104, 1108.

REPLY IN SUPPORT OF DEFENDANT R.F. LAFFERTY & CO.'S
MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

pursuant to or traceable to the Registration Statement" was conclusory and insufficient to allege Section 11 standing.)[3]

In sum, "something more" than Plaintiff's conclusory and ambiguous allegations that his shares were "pursuant and/or traceable" to IPO is needed.  This is especially true here, where Plaintiff purchased his shares more than five months after the IPO concluded and at prices more than fifty percent higher than the IPO price. *See* Motion (ECF No. 76-1) at 2-3.[4] Given that Plaintiff did not provide sufficient factual allegations to plausibly trace his shares back to the relevant offering, his claim under Section 11 should be dismissed for lack of standing.

## CONCLUSION

Based on the foregoing, and Lafferty's Motion and corresponding memorandum of points and authorities, Lafferty respectfully requests that the Court grant Lafferty's motion to dismiss. Plaintiff's claims against Lafferty (Count I and Count III) should be dismissed with prejudice and Lafferty should be dismissed from this action.

---

[3] Faced with the numerous cases supporting dismissal of his claims, Plaintiff resorts to mischaracterizing case law.  Footnote 15 of Plaintiff's Opposition claims that "Generally, allegations of traceability are factual, not properly decided on a motion to dismiss" and cites to *Beyond Techs. Corp.* for support. However, *Beyond Techs. Corp.* did not state that traceability was "generally" (or even often) a factual issue.  Rather, the court's holding was explicitly limited to the facts of that case, with the court stating:"[t]he Court finds that*, **in this case**, whether the plaintiff is able to trace its stock is not a question that can be resolved on this motion." *In re SeeBeyond Techs. Corp. Sec. Litig.*, 266 F. Supp. 2d 1150, 1171-72 (C.D. Cal. 2003).

[4] Additionally, Plaintiff's footnote 16 misstates footnote 5 of Lafferty's Motion.  In footnote 5 of its Motion, Lafferty pointed out that Plaintiff Patange's certification, which was not attached to the Amended Complaint, established that "he purchased his stock well after the offering concluded on April 14, 2024, and for higher price than the $4.00 IPO price."  Lafferty did *not* state, as Plaintiff's footnote 16 claims, that "the class period and standing analysis is unchanged under both certifications."  In fact, the lack of standing argument is even stronger under the Patange certification than the Jarrod Parks certification linked to the Amended Complaint (ECF No. 1-1), because Patange first purchased his shares in December 2023, which was even later Park's first purchase in September 2023.

4

DATED this 18th day of December 2024.

MICHAEL BEST & FRIEDRICH, LLP

/s/ Evan S. Strassberg
Evan S. Strassberg (219336)
esstrassberg@michaelbest.com
2750 East Cottonwood Pkwy, Suite 560
Cottonwood Heights, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

*Counsel for R.F. Lafferty & Co., Ltd.*

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for R.F. Lafferty & Co., Ltd. certifies that this reply brief contains 1,285 words, excluding the caption, signature block, and this certification, which complies with the word limit of L.R. 11-6.1.

MICHAEL BEST & FRIEDRICH, LLP

/s/ Evan S. Strassberg
Evan S. Strassberg (219336)
esstrassberg@michaelbest.com
2750 East Cottonwood Pkwy, Suite 560
Cottonwood Heights, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500
*Counsel for R.F. Lafferty & Co., Ltd.*

REPLY IN SUPPORT OF DEFENDANT R.F. LAFFERTY & CO.'S
MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

STATE OF UTAH, COUNTY OF SALT LAKE

I, the undersigned, am a resident of the State of Utah, over the age of eighteen years, and not a party to the within action.  My business address is 2750 E Cottonwood Pkwy, Suite 560 Cottonwood Heights, UT 84121.  On December 18, 2024, I served the following document(s) by the method indicated below:

**REPLY IN SUPPORT OF DEFENDANT R.F. LAFFERTY & CO.'S TO DISMISS AMENDED CLASS ACTION COMPLAINT**

By CM/ECF. I caused the document to be transmitted electronically to the persons above through the United States District Court, Central District of the State of California's CM/ECF service to the below addresses listed on the CM/ECF website for service:

**Laurence M. Rosen**
Rosen Law Firm PA
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Email: lrosen@rosenlegal.com

**J. Alexander Hood , II**
**Samantha Daniels**
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Email: ahood@pomlaw.com
　　　　sdaniels@pomlaw.com

**Jennifer Pafiti**
Pomerantz LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Email: jpafiti@pomlaw.com

**Adam E Polk**
Girard Sharp LLP
601 California Street Suite 1400
San Francisco, CA 94108
Email: apolk@girardsharp.com

**Jenny Johnson-Sardella**
Hunter Taubman Fischer and Li LLC
848 Brickell Avenue
Miami, FL 33131
Email: jsardella@htflawyers.com

**Jonathan Peter Hersey**
K and L Gates LLP
1 Park Place 12th Floor
Irvine, CA 92614
Email: jonathan.hersey@klgates.com

I declare under penalty of perjury that the above is true and correct.  Executed on December 18, 2024 at Cottonwood Heights, Utah

/s/ Kaylynn Powell

REPLY IN SUPPORT OF DEFENDANT R.F. LAFFERTY & CO.'S
MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT