HUNTER TAUBMAN FISCHER & LI LLC
Jenny Johnson-Sardella, Esquire
California Bar No. 343174
848 Brickell Avenue, Suite 200
Miami, Florida 33131
Tel:    (305) 629-1180
Fax:    (305) 629-8099
jsardella@htflawyers.com

*Attorneys for Defendant Golden Heaven Group Holdings Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Case. No. 2:23-cv-10619-HDV-SK

| | |
|---|---|
| IN RE GOLDEN HEAVEN GROUP HOLDINGS LTD. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>    ALL ACTIONS | CLASS ACTION<br><br>**REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date: January 30, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. Hernán D. Vera<br>Courtroom: 5B<br>Complaint Filed:  December 19, 2023<br>Trial Date:  None Set |

Defendant Golden Heaven Group Holdings Ltd. ("Golden Heaven" or the "Company"), by and through its undersigned counsel, hereby submits this reply in support of its Motion to Dismiss the Amended Class Action Complaint (the "Motion") (Docket Entry ("D.E") 77) and in response to Plaintiff's Memorandum of Points and Authorities in Opposition to Golden Heaven Group Holdings Ltd., Cogency Global, Inc., Colleen Devries, and R.F. Lafferty & Co.'s Motions to Dismiss Plaintiff's Complaint ("Opposition") (D.E. 85).   In furtherance of the same, the Company states as follows:

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

## I.   INTRODUCTION

The securities laws are fundamentally disclosure-based, meaning companies are required to make certain material information publicly available for investors so they can make informed decisions.[1]  Investors, in turn, are expected to conduct their own due diligence based on publicly available information.  This framework does not guarantee successful investments, as the laws do not protect against ordinary market risks or poor investment decisions—only against fraud or material misstatements.[2]  Additionally, stock valuations are susceptible to ordinary market forces.  Increased demand among retail investors can significantly influence stock prices.  Golden Heaven's IPO in April 2023 came about as it seemed that China was loosening its COVID-19 era restrictions.  Likely, many retail investors imagined that an influx of so many potential consumers made investing in a Chinese theme park operator a safe bet.  Once the value of Golden Heaven's shares started to rise, even more retail investors joined in, motivated by social media hype and the fear of missing out.

Rather than making independent, informed decisions, many investors would have simply followed the upward trend of the candlestick chart.  Golden Heaven, on the other hand, continued to make public disclosures as required under the securities laws.  Although these disclosures, including the April 13 Prospectus, (the "Prospectus") (attached as Ex. A to the Declaration of Jenny Johnson-Sardella Esq., D.E. 77-3) conformed to industry reporting standards, it remained the investors' duty to conduct due diligence.

The Company's valuation and market capitalization figures, $200 million and $1.2 billion, respectively, feature prominently in Plaintiff's Opposition.  *See* D.E. 85 at 3, 4, 12, 10,

---

[1] *See* Steven L. Schwarcz, *Rethinking the Disclosure Paradigm in a World of Complexity*, 2004 U. Ill. L. Rev. 1, 7 n.42 (2004) ("The focus of the congressional debate was on whether to choose disclosure or substantive regulation of the right of companies to issue securities as the policy that would inform the securities laws. President Roosevelt, influenced by the views of Louis D. Brandeis, advocated the disclosure approach.").

[2] *See id.*; 77 Cong. Rec. 2919 (May 5, 1933) ("we seek … to make available to the prospective purchaser, if he is wise enough to use it, all information that is pertinent that would put him on notice and on guard, and then let him beware.") (statement of Speaker Sam Rayburn).

REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

22.   However, Plaintiff cannot allege violations of the securities laws based on these market-driven figures.   Rather, Plaintiff's heavy reliance on these figures only reveals the true underlying nature of his claims—dissatisfaction with a poorly timed investment.  *See generally* Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") (D.E. 63). As a result, Plaintiff has attempted to plead securities fraud by fishing through public statements and casting innocuous statements and omissions as fraudulent. Plaintiff's claims are solely an attempt to recover losses stemming from an investment decision influenced by market hype, not from any demonstrable violations of the securities laws.[3] Plaintiff's approach conflates poor investment outcomes with fraud, ignoring the disclosure-based framework of the securities laws, which does not shield investors from the effects of market-driven valuation swings. *Id.* at 606.

## II.   ARGUMENT

### A. Plaintiff's Opposition Did Not Cure His Failure to Plead in Conformity with Federal Rule 9(b) and the Private Securities Litigation Reform Act of 1995.

As noted in the Motion, Plaintiff has failed to sufficiently state his claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, promulgated thereunder. 15 U.S.C. § 78j; 17 C.F.R. § 240.10b-5.  In its Motion, Golden Heaven laid out the applicable pleading standard for Exchange Act claims under Federal Rule of Civil Procedure ("Rule") 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* D.E. 77-1 at 3-8.   However, Plaintiff's Opposition does not explain how the Amended Complaint's Exchange Act claims conform to these pleading standards.  In fact, Plaintiff does not even acknowledge Rule 9(b) or the PSLRA until page 24 of the Opposition, while referring to other claims. *See* D.E. 85 at 24-25.

---

[3] *See* Thomas Lee Hazen*, Rational Investing or Speculative Fever?: SPACs, Robinhood, and Digital Assets – Sec. Mkts or Casinos,?* 18 FIU L. Rev. 565, 575 (describing short swings caused by retail inv. gamification of trading).

REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Rather than address this deficiency, Plaintiff simply reiterated the allegations from the Amended Complaint arguing that Golden Heaven's statements and omissions did not reflect the "dystopian hellscape" reality reported by Hindenburg Financial and its own inspectors. *See* D.E. 85 at 1, 4, 5, 7, 8. Plaintiff's overuse of the "dystopian hellscape" label, taken from the intentionally scandalous Hindenburg Report, is not only improper but is also profoundly unhelpful. *See id.* Just as in the Amended Complaint, Plaintiff's arguments boil down to the sentiment that unrelated statements or omissions by Golden Heaven regarding the parks are fraudulent because the parks were not "well maintained" or "were in generally poor condition." *See* D.E. 63 at ¶¶ 59, 61, 65, 67, 69, 85, 87, 97, 100.

Plaintiff placed several of Golden Heaven's statements out of context in order to manufacture a contrast to the parks' reported maintenance status. *See* D.E. 85 at 7-8. For example, Plaintiff asserted that statements about Golden Heaven's park management teams are incompatible with the alleged dystopian hellscape character of the parks and must thus be false. *See id.* However, read in context, those statements speak only to the safety and efficiency of the parks' rides. *See* D.E. 63 at ¶¶ 35-36, 73, 74, 76. Plaintiff does not assert that the parks' rides are unsafe, but nonetheless took statements out of context to support Plaintiff's strained reading of the securities laws. As explained in the Motion, the securities laws did not require Golden Heaven to spontaneously disclose the maintenance status of its parks in its public filings, as Plaintiff continues to insist. *See Weston Fam. P'ship LLLP v. Twitter*, *Inc.*, 29 F.4th 611, 620 (9th Cir. 2022) (holding that a company has no duty to disclose negative internal developments unless its omission makes other statements materially misleading); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 45, 131 S. Ct. 1309, 1322 (2011) ("Even with respect to information that a reasonable investor might consider material, companies can control what they have to disclose under these provisions by controlling what they say to the market.").

REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

At its base, Plaintiff's theory that Golden Heaven's revenue and park attendance figures were fraudulent rests only on the parks' allegedly poor maintenance status. As discussed further below, Plaintiff is asking this Court to make multiple unreasonable inferences – based upon conjecture – to arrive at facts that would constitute fraud. *See generally* D.E. 63. Even under a notice pleading standard, this Court would not be required to make such unreasonable inferences. *Ashcroft v. Iqbal,* 556 U.S. 662, 667, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Ultimately, the Amended Complaint fails to specifically allege sufficient facts to support a finding that Golden Heaven made fraudulent statements or omissions.

### B. Plaintiff Failed to Adequately Refute the Applicability of the PSLRA Safe Harbor and the Doctrine of Puffery to Golden Heaven's Statements

Despite warping Defendant's statements and misapplying the PSLRA safe harbor provision and the doctrine of puffery, Plaintiff cannot refute that many of the statements alleged in the Amended Complaint are inactionable. *See* D.E. 85 at 15-19. First, Plaintiff stated that Golden Heaven "cherry pick[ed] *only three* statements [to] identif[y] as forward looking." D.E. 85 at 15 (emphasis in original). Plaintiff evidently overlooked Golden Heaven's citation to specific instances of forward-looking statements and instead acknowledged only the specific examples applied in the Motion. *See* Motion at 11 (citing D.E. 63 at ¶¶ 78, 84-85, 86-87, 89, 90, 96, 97).

Plaintiff then reconstructed the forward-looking statements quoted in the Motion to the point of corrupting their original meaning. For example, Plaintiff distorted the original statement, "we are excited to see excellent growth during the Labor Day holiday," D.E. 63 at ¶ 84; Motion at 11, and misrepresented it as, "Defendant Jin 'excited by … excellent growth' observed during holidays." *See* D.E. 85 at 15. The original statement, spoken by Defendant Jin and reproduced in the Amended Complaint and Motion, is clearly stated in the future tense. *See* D.E. 63 at ¶ 84; Motion at 11. In contrast, Plaintiff's Opposition deliberately manipulates the

REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

quotations and rearranges that statement, shifting it into the past or present tense. *See* D.E. 85 at 15. Plaintiff similarly manipulated the other two statements Golden Heaven analyzed in its Motion. *Compare* D.E. 63 at ¶¶ 78, 90 *with* D.E. 85 at 15-16. However, Plaintiff did not address the remainder of the forward-looking statements cited in the Motion. *See* Motion at 11 (citing D.E. 63 at ¶¶ 78, 84-85, 86-87, 89, 90, 96, 97). As addressed in the Motion, these unaddressed forward-looking statements are not a basis to support allegations of fraud. *See generally* Motion at 9-13.

Additionally, Plaintiff contends that the cautionary language in Golden Heaven's Prospectus was not "meaningful," despite speaking to the exact risk investors assumed.[4] As the Amended Complaint makes clear, Hindenburg Research posted their report "[o]n November 13, 2023, during market hours . . . on X.com." *Id.* at ¶¶ 51, 101 (internal quotation marks omitted). The Amended Complaint went on to allege that "[o]n this news, Golden Heaven's share price declined . . . to close at $17.12 per share on November 13, 2023," after republishing the Hindenburg Report. *Id.* at ¶ 116. Although Golden Heaven's share value dropped as a direct result of the intentionally inflammatory Hindenburg Report, the Prospectus appraised investors of the risks of adverse publicity and brand perception.[5] Contrary to Plaintiff's assertion, the Prospectus' cautionary language put Plaintiff on notice of "risks of a significance similar to that actually realized" and was thus adequate. *See In re Harman Int'l Indus.*, Inc. Sec. Litig., 791 F.3d 90, 103, 416 U.S. App. D.C. 267 (D.C. Cir. 2015).[6]

---

[4] The PSLRA also exempts "unidentified forward-looking statements or forward-looking statements lacking sufficient cautionary language where the plaintiff fails to prove *actual knowledge that the statement was false or misleading*." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1113 (9th Cir. 2010) (emphasis added).

[5] The Prospectus contains extensive cautionary language, including disclaimers of relevant risk factors which Golden Heaven contends also satisfy the requirements of Items 303 and 105. *See generally* D.E. 77-3 at 14-42.

[6] *See also* D.E. 77-3 at 53 ("our results of operations are affected by . . . uncertainties related to leased properties, capital investment requirements in amusement facilities, safety and maintenance of amusement facilities, and weather conditions."); 17 ("The price of our ordinary shares could be subject to rapid and substantial volatility."); 20 ("There is no assurance that the operating entities will be able to generate sufficient cash flow from operations, or that they will be able to obtain sufficient financing on adequate terms, or at all, which could cause the operating entities to delay or abandon certain capital investment projects.")

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

Plaintiff clings to vague and optimistic language in support of his position, specifically citing Golden Heaven's use of such words as "quality," "innovation," "variety," and "condition," to describe its attractions and insisting that such puffery constituted fraud. *See* D.E. 85 at 7. However, these statements are not actionable under the law since courts in this Circuit recognize that reasonable investors can identify and devalue the optimism of corporate executives. *See Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1066, 1060 (9th Cir. 2014); *In re Ethereummax Inv'r Litig.*, No. CV2200163MWFSKX, 2023 WL 6787827, at *29 (C.D. Cal. June 6, 2023). Other examples of puffery, which Plaintiff charged as fraud, included Defendant's statements that its "continued guest commitment contribute[s] to its growth," and "its innovative amusement facilities enable it to provide guests with better experiences." D.E. 63 at ¶¶ 71, 78, 96. Accordingly, this Court should reject Plaintiff's attempt to characterized forward-looking statements and mere puffery as fraudulent.

**C. The Amended Complaint Does Not Demonstrate a Strong Inference of Scienter**

Plaintiff's allegations of scienter are located in Section H of the Amended Complaint. *See* D.E. 63 at ¶¶ 149-155. Considered in aggregate, those allegations simply do not give rise to a strong inference of scienter. *Id.* Plaintiff alleged that a previous 2021 transfer of park properties between Defendant Golden Heaven and a related entity for $7.5 million supports an inference that Golden Heaven intentionally overvalued the parks. *See* D.E. 85 at 20; D.E. 63 at ¶ 153. However, related corporate entities often do not deal with one another through arms-length transactions and may transfer assets to one another at below-market prices.[7] Furthermore, as Plaintiff acknowledged, Golden Heaven fully disclosed that transaction in the Prospectus.[8] *Id.* Moreover, as addressed above, even if the Company's revenue and attendance figures did not

---

[7]*See generally* OECD, Transfer Pricing Guidelines for Multinational Enterprises and Tax Administrations 2017, Chapter I, ¶ 1.2 ("When associated ďonterprises transact with each other, their commercial and financial relations may not be directly affected by external market forces").

[8] *See Mendoza v. HF Foods Grp., Inc.*, No. 2:20-CV-02929-ODW (JPRx), 2021 U.S. Dist. LEXIS 160982, at *20 (C.D. Cal. Aug. 25, 2021) (finding that lawful-disclosed related-party transaction did not support a claim of fraud).

REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

warrant its market capitalization, neither Golden Heaven nor any public company controls, or is responsible for, its market capitalization. *See* D.E. 85 at 20. Thus, Golden Heaven's market capitalization and previous transaction do not support an inference of scienter when "viewed with a practical and common-sense perspective." *See S. Ferry LP, No. 2 v. Killinger*, 542 F.3d at 776, 784 (9th Cir. 2008). Similarly, it is difficult to fathom how Golden Heaven's public rebuke of the Hindenburg Report supports a finding of scienter. *See* D.E. 85 at 21; D.E. 63 at ¶ 152.

In addition, Plaintiff's line of reasoning concerning scienter, and the falsity of Golden Heaven's reported revenue figures, rest on a tenuous inferential chain. *See* D.E. 85 at 20-22. Plaintiff contended that Golden Heaven acted with scienter, asserting that the Company must have known its public revenue figures were inflated. *See id.* at 21. This conclusion is based on the premise that Golden Heaven derives most of its revenue from park attendance, which Plaintiff further alleges must also be inflated—an inference drawn from the claim that the park's maintenance status somehow renders the reported attendance figures inaccurate. *Id. at 20.* Plaintiff's inference chain fails at its first link because Plaintiff can only allege a mere possibility that Golden Heaven's publicly reported figures were not accurate based solely on the parks' appearance during two visits conducted long after Golden Heaven's IPO. *Id.* Viewed in the light most favorable to Plaintiff but within the totality of the circumstances, Plaintiff has failed to allege facts sufficient to form a strong inference of scienter considering competing innocent inferences. *See N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1102-03 (9th Cir. 2011).

### D. Plaintiff's Securities Act Claims Must Conform to Rule 9(b)

Plaintiff seems to have theorized that he could evade the ambit of Rule 9(b) by repeating the entirety of his Amended Complaint, without the allegations of scienter, in pleading his

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

Securities Act claims.[9]  *See* D.E. 85 at 24-25.  Aside from this duplicative formatting and selective removals of legal standards for intentional or fraudulent conduct, Plaintiff's allegations under their Securities Act claims are materially identical to those under their Exchange Act claims. *Compare* D.E. 63 at ¶¶ 23-148 *with* ¶¶ 179-271, 279-341. In support of this sleight of hand, Plaintiff glibly purports to have filed "two separate complaints within a single pleading." D.E. 85 at 24.  Plaintiff cites two out-of-circuit cases for the premise that a plaintiff is not required to adhere to Rule 9(b) in pleading claims under the Securities Act so long as he "carefully segregated [his] allegations of negligence . . . from [his] allegations of fraud." *See id.* at 24 (citing *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 273 (3d Cir. 2006); *Fresno Cnty. Emps.' Ret. Assn. v. comScore*, 268 F. Supp. 3d 526, 558 (S.D.N.Y. 2017).[10]  This Court should not enable Plaintiff to circumvent Rule 9(b) in this manner.  Moreover, Plaintiff fails to even satisfy the standards laid out by the cases he cited in his Opposition.

   *In re Suprema Specialties* is inapposite.  438 F.3d 256.  In that case, the Third Circuit held that Securities Act claims do not sound in fraud "where the plaintiff [exercises] care in differentiating asserted negligence claims from fraud claims *and in delineating the allegations that support the negligence cause of action as distinct from fraud*." *Id.* at 273 (emphasis added). That court distinguished precedents upholding Rule 9(b) "despite plaintiff's express disavowal of fraud," where "claims [were] indisputably immersed in unparticularized allegations of fraud, and a core theory of fraud permeated the Complaint." *Id.,* 438 F.3d at 272 (quoting *CALPERS v. Chubb Corp.*, 394 F.3d 126, 160 (3d Cir. 2004) (internal quotation marks omitted).  *Fresno Cnty.* aids Plaintiff even less, stating that "plaintiffs cannot evade the Rule 9(b) strictures by summarily disclaiming any reliance on a theory of fraud or recklessness." 268 F. Supp. 3d at 558 (quoting

---

[9] Plaintiffs denied alleging the same facts under both claims. *See* D.E. 85s at 25 n.13 (citing Amended Complaint ¶¶ 84-100).  However, those allegations correspond almost exactly to ¶¶ 269-292 of the Amended Complaint.

REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

*Cty of Roseville Emples. Ret. Sys. v. EnergySolutions, Inc.*, 814 F. Supp. 2d 395, 424 (S.D.N.Y. 2011).

Although, as here, the plaintiffs in those cases split their complaints in two parts, those superficial edits are insufficient to find that the Securities Act claims did not sound in fraud.  *See In re Suprema Specialties,* 438 F.3d at 272-73; *Fresno Cnty.*, 268 F. Supp. 3d at 558.  Those different sections must also contain discrete allegations supporting a finding of negligence, distinct from fraud.[11]  Plaintiff has not done so in this matter.  As stated above, Plaintiff only made cursory changes in pleading his Securities Act claims, republishing the vast majority of the allegations from his claims under the Exchange Act. *Compare* D.E. 63 at ¶¶ 23-148 *with* ¶¶ 179-271, 279-341. In the process, Plaintiff needlessly doubled the length of the Amended Complaint, leaving Golden Heaven to "sift through [those] allegations . . . in search of some 'lesser included' claim of [negligence]."  *In re Suprema Specialties,* 438 F.3d at 272 (quoting *CALPERS,* 394 F.3d at 160). Plaintiff also failed to exclude all references to knowledge, intent, scienter, and recklessness from his Securities Act claims.[12]  Therefore, this Court should find that Plaintiff's Securities Act claims sound in fraud and are not sufficiently pled under Rule 9(b).

**E. Plaintiff's Shares Are Not Traceable to The Offering at Issue**

Plaintiff's Opposition failed to demonstrate how the Amended Complaint adequately alleged standing to sue under Section 11.  *See* D.E. 85 at 26-28.  Plaintiff failed to address the

---

[10] Plaintiff's cited authorities, supporting his argument that this Court should not apply Rule 9(b) to his Securities Act claims, originate from outside this Circuit.  *See* D.E. 85 at 24-25.  The one exception is *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 917 (N.D. Cal. 2015) that, while accurate, is not analogous because in that case the plaintiff did not attempt to plead negligence the same facts it attempted to plead fraud.

[11] *See Crews v. Rivian Auto., Inc.*, No. 2:22-cv-01524-JLS-E, 2023 U.S. Dist. LEXIS 27602, at *40 (C.D. Cal. Feb. 16, 2023) (concluding that Section 11 claims sound in fraud where "the course of conduct" alleged to support those claims are "substantively similar" to fraud-based claims); *In re Rigel Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*, 697 F.3d 869, 885-86 (9th Cir. 2012) (holding that Rule 9(b) applied when the plaintiff's Section 11 claim "relie[d] on the same alleged misrepresentations . . . that are central to the plaintiff's Section 10(b) fraud claim" even though the plaintiff "disclaimed in its complaint any allegation of fraud in connection with the section 11 cause of action"); *see also Lantronix, Inc.*, 2003 WL 23198818 (C.D. Cal. Dec. 31, 2003) (section 11 claim sounded in fraud where complaint alleged that prospectus "concealed the true basis" for offering price and contained overstated financial results).

REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

arguments set forth in Defendant Lafferty & Co.'s Motion to Dismiss—which Golden Heaven joined—demonstrating that Plaintiff lacks standing. *See* Motion at 18 n.1 (citing D.E. 76-1 at 6-7). According to the Amended Complaint and the Prospectus there were 50,000,000 common shares outstanding at the time of the offering. *See* D.E. 63 at ¶ 150 ("immediately before and after the IPO, Defendant Jin owned 15 million ordinary shares of Golden Heaven, constituting 30% of Golden Heaven's total *outstanding shares before* the IPO") (emphasis added); *see also* Prospectus at 13 ("As of the date of this prospectus, there are 50,000,000 ordinary shares issued and outstanding"). Moreover, Plaintiff alleges that he purchased his shares five months after the offering period and at prices well-above the offering price. *See id.* at ¶¶ 37, 45; D.E. 76-1 at 7. Under these facts, Plaintiff shares are not traceable to the challenged registration statement because his shares could have originated from the pre-existing pool of issued shares. *See Jedrzejczyk v. Skillz Inc.*, No. 21-cv- 03450, 2022 WL 2441563, at *7 (N.D. Cal. July 5, 2022). An amendment cannot cure Plaintiff's lack of standing, and his Section 11 claim should be dismissed with prejudice.

## III.   CONCLUSION

In sum, Plaintiff's Opposition failed to rehabilitate the deficiencies in the Amended Complaint addressed in Golden Heaven's Motion and herein. As such, this Court should dismiss the Amended Complaint in its entirety as to Defendant Golden Heaven. Further amendment of the Amended Complaint cannot cure these deficiencies as Plaintiff is unable to specifically allege facts sufficient to establish his claims under the securities laws.

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

---

[12] *See, e.g.,* D.E. 63 at ¶ 205 ("Defendants *knew of*, or in the exercise of reasonable care *should have known* of, the Company's existing *fraud*"), ¶ 295 (". . . which were *known to Defendants* or *recklessly* disregarded by them.").

**WHEREFORE**, Defendant Golden Heaven Group Holdings Ltd. respectfully requests that this Court issue an Order dismissing Plaintiff's Amended Complaint against it in its entirety with prejudice, and grant any further relief that this Court deems proper.

Dated: December 18, 2024
Miami, Florida

Respectfully submitted,

*/s/ Jenny Johnson-Sardella*
Jenny Johnson-Sardella
Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Florida 33131
Tel: 305-629-1180
Fax : 347-623-1684
E-Mail : jsardella@htflawyers.com

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

11
REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Golden Heaven Holdings Ltd., certifies that this brief contains 3703 words. In keeping with L.R. 11-6.1 the word court stated above includes all headings, footnotes, and quotations but excludes the caption, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits.

Dated: December 18, 2024
        Miami, Florida

                                        Respectfully submitted,

                                        */s/Jenny Johnson-Sardella*
                                        Jenny Johnson-Sardella
                                        Hunter Taubman Fischer & Li LLC
                                        848 Brickell Avenue, Suite 200
                                        Miami, Florida 33131
                                        Tel: 305-629-1180
                                        Fax : 347-623-1684
                                        E-Mail : jsardella@htflawyers.com

Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

12
REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

**Hunter Taubman Fischer & Li LLC**
848 Brickell Avenue, Suite 200
Miami, Fl 33131
Tel: (305) 629-1180 | FAX: (305) 629-8099

## PROOF OF SERVICE

I, hereby certify that on December 18, 2024, I caused the foregoing: REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT to be transmitted electronically to the persons below through the United States District Court, Central District of the State of California's CM/ECF service to the following addresses listed on the CM/ECF website for service:

**Laurence M. Rosen**
Rosen Law Firm PA
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Email: lrosen@rosenlegal.com

**Jennifer Pafiti**
Pomerantz LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Email: jpafiti@pomlaw.com

**J. Alexander Hood , II**
**Samantha Daniels**
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Email: ahood@pomlaw.com
sdaniels@pomlaw.com

**Adam E Polk**
Girard Sharp LLP
601 California Street Suite 1400
San Francisco, CA 94108
Email: apolk@girardsharp.com

**Jonathan Peter Hersey**
K and L Gates LLP
1 Park Place 12th Floor
Irvine, CA 92614
Email: jonathan.hersey@klgates.com

Evan S. Strassberg
**Michael Best & Friedrich, LLP**
2750 East Cottonwood Pkwy, Suite 560
Cottonwood Heights, Utah 84121
Email: esstrassberg@michaelbest.com

I declare under penalty of perjury that the above is true and correct.

*/s/ Jenny Johnson-Sardella*
Jenny Johnson-Sardella

13
REPLY IN SUPPORT OF DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT