POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Rahul Patange and Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOLDEN HEAVEN GROUP HOLDINGS LTD. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO *ALL ACTIONS* | Case No.: 2:23-cv-10619-HDV-SK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Judge: Hon. Hernán D. Vera |

Plaintiff responds to Defendants' Notice of Supplemental Authority ("Notice," ECF No. 107), *Pirani v. Slack Technologies, Inc., et al.*, No. 20-16419, 2025 WL 440850 (9th Cir. Feb. 10, 2025) ("*Slack*" or "Op.").

That opinion's narrow, unremarkable holding— "that traceability is an element of a Section 11 claim" (Op. *5)—changes nothing in this case. To misleadingly suggest otherwise, Defendants claim that the *Slack* Court "rejected the [shareholder] plaintiff's argument" that he could "prove" traceability between the shares registered in the direct public offering and unregistered shares "from one of the founders" and held "that the shareholder failed to allege his shares were traceable to the prospectus." Notice p. 2.

That is wrong. *Slack*'s holding was premised on the plaintiff's "repeated and express concessions" throughout the ligation that he could not (and, legally, did not need to) demonstrate traceability. *E.g.*, Op. *3, 5.[1] In this posture, the *Slack* Court held that "traceability is an element of a section 11 claim," and given plaintiff "expressly waived any allegation that any of the shares he purchased are directly traceable to the allegedly false and misleading registration statement, he has not stated a claim under section 11." Op. *5. And, in light of the "concession that he could not establish traceability" — "and the [resulting] prejudice [to] Slack …. [a]s a result of the way [plaintiff] chose to present his claim," "forc[ing] Slack … to spend years … in the district court, this court, and the Supreme Court … litigating a statutory issue that was relevant only because of [plaintiff's] concession"—the *Slack* Court would not

---

[1] *E.g.*, Op. *3 (In the district court, plaintiff's "opposition to Slack's motion to dismiss" "asserted" that tracing "is not possible"; the district court accordingly "accepted that concession, explaining that [plaintiff] 'did not and cannot allege that he purchased shares registered under and traceable to Slack's Registration Statement' and concluding that his 'inability to trace [is] undisputed.'"); Op. *3 ("On appeal, [plaintiff] repeated his concession, arguing that 'it would be impossible'" to "trac[e]" his shares, and "[t]hat was the basis on which we [the Ninth Circuit] decided the case[.]"); Op. *3 ("When the case reached the Supreme Court, [plaintiff] confirmed that we [the Ninth Circuit] had correctly understood his position, stating that he had 'agreed below that it was impossible to trace his shares to a registration statement.'").

PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

"allow[] [plaintiff] to start over with a new theory" of how to prove traceability: "It is far too late for [plaintiff] to say he was only kidding." Op. *5.

That is not the case here. Plaintiff makes no such concessions; he instead alleges and argues that he bought his shares pursuant to and traceable to the only registration statement. AC¶342; Opp. 26-28. Contrary to Defendants' suggestion, the *Slack* Court *expressly refused* to reach the issue of whether the same allegation that the *Slack* plaintiff "'acquired Slack common stock pursuant and/or traceable to the Offering Materials'" was "adequate on its own, [because plaintiff's] … subsequent concessions expressly waived any allegation of traceability." Op. *3. As discussed in Plaintiff's Opposition briefs, these allegations suffice. While Defendants vaguely refer to outstanding shares pre-dating the offering, the only shares alleged to be registered and traded are those issued under one registration statement, and no other secondary offering entered the market with additional shares. Defendants' attempt to escape accountability for issuing or endorsing those shares must be denied.

DATED: February 20, 2025                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Samantha Daniels*
Samantha Daniels (admitted *pro hac vice)*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: 9212) 661-1100
(310) 405-7190
sdaniels@pomlaw.com
jpafiti@pomlaw.com

J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com

PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
2

*Counsel for Plaintiff*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Plaintiff*