UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOLDEN HEAVEN GROUP HOLDINGS LTD. SECURITIES LITIGATION | Case No. 2:23-cv-10619-HDV-SK<br><br>**ORDER DENYING DEFENDANT B.F. BORGERS' MOTION TO DISMISS [93]** |

# I. INTRODUCTION

This case arises out of an alleged international investment scam. Investors in Golden Heaven Group Holdings Ltd.'s ("Golden Heaven") April 2023 Initial Public Offering ("IPO") were told they were investing in "a leading amusement park operator" in China, generating nearly $40 million in annual revenue. Amended Class Action Complaint ("AC") ¶¶ 30, 70–72 [Dkt. No. 63]. The IPO valued the six parks at approximately $200 million, and in the months that followed, Golden Heaven's stock soared by 320 percent. *Id.* ¶¶ 38, 41. Mere months later, however, investigations revealed what Golden Heaven failed to disclose: Golden Heaven's parks had just a fraction of the visitors needed to generate their reported revenue figures. *Id.* ¶¶ 39–40. When the truth came to light, Golden Heaven's stock plummeted by nearly 89 percent, causing its investors to suffer significant losses. *Id.* ¶¶ 5–6.

Plaintiff Rahul Patange brings this putative class action on behalf of persons and entities who purchased Golden Heaven securities between April 13, 2023 and December 8, 2023. AC ¶ 1. He asserts claims under the Securities Exchange Act of 1934 (the "Exchange Act"), 48 Stat. 881, 15 U.S.C. § 78a *et seq.*, against Golden Heaven and various individual Defendants (collectively "the Exchange Act Defendants"). AC ¶¶ 12–22. Plaintiff further asserts claims under the Securities Act of 1933 (the "Securities Act"), 48 Stat. 74, 15 U.S.C. § 77a *et seq.*, against the Exchange Act Defendants, as well as Golden Heaven's underwriters and accounting firm, B.F. Borgers CPA PC ("Borgers"). AC ¶¶ 190–210.

Before the Court is Borgers' motion to dismiss Plaintiff's Securities Act claim ("Motion"). [Dkt. No. 93]. Borgers contends that Plaintiff cannot meet the "traceability" requirement and therefore lacks standing to assert a Securities Act claim. Motion at 4–5. In the alternative, Borgers avers that Plaintiff's pleading fails to attribute any false statements or misrepresentations to Borgers. *Id*. Neither argument has merit. The Court has previously disposed of the traceability argument, *see* Dkt. No. 112, and concludes here that the Amended Complaint contains more than enough factual detail to support Borgers' legal responsibility for many alleged material misstatements and omissions.

The Motion is denied.

## II. BACKGROUND

### A. Factual Background[1]

On April 13, 2023, Golden Heaven, which manages and operates six amusement parks, water parks, and recreational facilities in China, filed a prospectus with the Securities and Exchange Commission. AC ¶¶ 26–37; Golden Heaven Grp. Holdings Ltd., Prospectus (Form 424B4) (Apr. 13, 2023) ("Prospectus").[2] Golden Heaven's prospectus contained claims about its number of visitors, its revenue, its staffing, and the conditions of its parks, which were later contradicted by third party reporting and Plaintiff's own investigations. AC ¶¶ 31–36; Prospectus at 75–76. For example, investigators visiting Golden Heaven's largest park found just ten cars in the lot on a Saturday at noon. *Id.* ¶¶ 107–09. A more fulsome account of the alleged misrepresentations in the prospectus is discussed in the Court's Order on Defendants R.F. Lafferty's and Golden Heaven's Motions to Dismiss ("First MTD Order"). [Dkt. No. 112].

Borgers acted as Golden Heaven's authorized accounting firm, which "audited Golden Heaven's financials for [its] IPO, issued the audit report for the IPO, and signed the Registration Statement." AC ¶ 209. According to the audit report, Borgers "perform[ed] procedures to assess the risks of material misstatement of the financial statements, whether due to error or fraud," including by "examining, on a test basis, evidence regarding the amounts and disclosures in the financial statements." *Id.* Borgers further "evaluat[ed] the accounting principles used and significant estimates made by management . . . ." *Id.* Having performed such procedures, Borgers averred that "[i]n our opinion, the financial statements present fairly, in all material respects, the financial position of the Company . . . and the results of its operations and its cash flows for the years then ended, in conformity with accounting principles generally accepted in the United States." *Id.*

---

[1] At this stage in the pleadings, the Court accepts all plausible facts from Plaintiff's AC as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The Court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

### B. Procedural Background

Plaintiff Jerrod Parks filed this putative class action on December 19, 2023. [Dkt. No. 1]. The Court consolidated two related actions and appointed Rahul Patange as the lead plaintiff. Order Consolidating Related Actions ¶¶ 1, 7 [Dkt. No. 49]. Plaintiff then filed an amended class action complaint, asserting violations of section 10(b) of the Exchange Act (AC ¶¶ 165–174); violations of section 20(a) of the Exchange Act (AC ¶¶ 175–78); violations of Section 11 of the Securities Act (AC ¶¶ 348–55); violations of Section 15 of the Securities Act (AC ¶¶ 356–60); and violations of Section 12 of the Securities Act (AC ¶¶ 361–67). Plaintiff asserts violations of Section 11 against Borgers.[3]

On September 13, 2024, underwriter R.F. Lafferty and Golden Heaven, joined by its U.S. representative, moved to dismiss all of Plaintiff's claims against them. [Dkt. Nos. 76, 77, 79]. On December 31, 2024, Borgers moved to dismiss Plaintiff's claim against it, challenging both Plaintiff's standing and the sufficiency of his allegations. Motion at 2.

On March 3, 2025, the Court dismissed Plaintiff's Section 12 claim against R.F. Lafferty, but otherwise denied Defendants' motions to dismiss. First MTD Order at 15. In particular, the Court rejected the argument that Plaintiff lacked statutory standing for his Securities Act claims. *Id.* at 12–14. The Court found that because Plaintiff has adequately alleged that "Golden Heaven issued all publicly available shares in a single offering under one registration statement," Section 11's requirement that Plaintiff trace his shares back to the defective registration statement posed "no obstacle." *Id.* at 13–14 (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013)).

The Court heard oral argument on Borgers' Motion on March 13, 2025 and took the matter under submission. [Dkt. No. 114].

---

[3] The Court presumes that Plaintiff asserts only Section 11 claims (and not Section 15 claims) against Borgers. Motion at 6 n.2, 7 n.3.

## III. LEGAL STANDARD

### A. Pleading Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Only where a plaintiff fails to "nudge[] [their] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not a probability assessment, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In making this determination, allegations of material fact should be construed in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

### B. Securities Act

Along with the Exchange Act, the Securities Act regulates securities transactions. In comparison to the Exchange Act, the Securities Act is "narrower," imposing strict liability on issuing companies that include material misstatements or misleading omissions on the registration statements they are required to provide to prospective buyers. *Slack Techs., LLC v. Pirani*, 598 U.S. 759, 762–63 (2023). Section 11 of the Securities Act provides an express private cause of action for those "who buy[] a security issued under a materially false or misleading registration statement." *Century Aluminum*, 729 F.3d at 1106; 15 U.S.C. § 77k(a)(1) –(4) (allowing plaintiffs to hold liable the directors of the issuer, anyone who signed the registration statement, and "every accountant . . . who has with his consent been named as having prepared or certified any part of the registration statement, or . . . any report or valuation which is used in connection with the registration statement," among others).

## IV. DISCUSSION

Borgers' Motion asserts that the Amended Complaint must be dismissed because: (1) Plaintiff lacks standing to bring his Section 11 claim, and (2) Plaintiff fails to allege that Borgers made any false or misleading statements in connection with Golden Heaven's registration statement. Motion at 7–13. Neither argument is availing.

"To bring a claim under [Section] 11, the securities held by the plaintiff must be traceable to the particular registration statement alleged to be false or misleading." *Slack Techs.*, 598 U.S. at 768. Assuming standing exists, the plaintiff must then establish "(1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment." *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009) (quoting *In re Daou Sys., Inc.*, 411 F.3d 1006, 1027 (9th Cir. 2005), *abrogated on other grounds by Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011)). Because the Securities Act is more "limited in scope" than the Exchange Act, "Section 11 places a relatively minimal burden on a plaintiff," requiring no showing of scienter. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983); *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996).

Borgers' standing argument is essentially a redux of the standing arguments previously made by R.F. Lafferty and Golden Heaven—namely, that Plaintiff fails to allege that his shares were traceable to the defective registration statement. Motion at 7–8. But this Court has already dispatched this argument in its First MTD Order, finding that because Plaintiff plausibly alleged that Golden Heaven issued *all* publicly available shares under a single registration statement, the tracing requirement poses "no obstacle." First MTD Order at 13–14; *Century Aluminum*, 729 F.3d at 1106–07 (quoting *Twombly*, 550 U.S. at 557) (noting that when all available shares "have been issued in a single offering under the same registration statement," an allegation that plaintiff's shares are "'directly traceable' to the offering in question" with no "further factual enhancement" may "well suffice"). Borgers proffers nothing justifying a change to this analysis.

Borgers' sufficiency argument fares no better. Section 11 "permits an action against an accountant based on material misstatements or omissions in a registration statement, but only as to

those portions of the statement that purport to have been prepared or certified by the accountant." *Monroe v. Hughes*, 31 F.3d 772, 774 (9th Cir. 1994); *Herman & MacLean*, 459 U.S. at 381 n.11 ("Accountants are liable under Section 11 only for those matters which purport to have been prepared or certified by them."); 15 U.S.C. § 77k(a)(4).

Golden Heaven's Prospectus clearly identifies the statements attributable to Borgers:

> Our **consolidated financial statements as of September 30, 2022 and 2021**, and for the fiscal years then ended, have been **included herein and in the registration statement in reliance upon the report of B F Borgers CPA PC**, an independent registered public accounting firm, given on the authority of said firm as experts in auditing and accounting.

Prospectus at 144 (emphasis added); AC ¶ 209. Plaintiff further alleges that Borgers averred in its audit report that "[i]n our opinion, the financial statements present fairly, in all material respects, the financial position of the Company." AC ¶ 209.

That is sufficient to attribute the financial statements in Golden Heaven's registration statement to Borgers. Registration statements are required by statute to include "a balance sheet" and "a profit and loss statement . . . showing earnings and income" that have been "certified by an independent public or certified accountant." 15 U.S.C. § 77aa(25)–(26). Where, as here, "[t]he only audit report that the parties have identified in the registration statement is [Borgers']," the Court is permitted to draw the "necessary implication . . . that [Borgers'] audit report certified the disputed financial statements."[4] *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 243 F. Supp. 3d 1109, 1117 (E.D. Cal. 2017). Golden Heaven reported revenue of $38,517,742 and $41,788,196 for the fiscal years 2021 and 2022, respectively—financial statements which could only have been certified by Borgers. AC ¶ 221; Prospectus at 1, 19. Borgers' the-Complaint-is-purely-conclusory argument, Motion at 10, asks the Court to turn a blind eye to Plaintiff's numerous

---

[4] Defendant's authorities are inapposite. *See McFarland v. Memorex Corp.*, 493 F. Supp. 631, 643 (N.D. Cal. 1980) (declining to hold accountants liable for misstatements of the 1978 financial data, where they were only named as preparing financial statements for the years 1974 through 1977); *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 924 (N.D. Cal. 2015) (finding that the plaintiffs' Section 11 claim was time barred and even if it were not, that "plaintiffs have not alleged that [the purportedly misrepresented figures] were included in the financial statements that were the subject of [the accountant's] audit reports").

allegations regarding park revenue, attendance, and personnel that cast doubt on the financial statements that Borgers ostensibly audited and confirmed. *See* First MTD Order at 9–10. Taken together, Plaintiff has adequately pled that Borgers certified misrepresentations that "would have misled a reasonable investor about the nature of his or her investment." *Rubke*, 551 F.3d at 1161.

Borgers is correct that Section 11 provides a due diligence defense that, in effect, "imposes a negligence standard." Reply Brief in Support of Borger's Motion at 14–15 [Dkt. No. 111]; *Monroe*, 31 F.3d at 774; 15 U.S.C. § 77k(b)(3) (requiring experts, including accountants, to prove that they "had, after reasonable investigation, reasonable ground to believe and did believe . . . that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading"). But "[i]n most cases, due diligence is a jury question unsuitable for determination on a motion to dismiss." *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 914 (N.D. Cal. 2015); *In re Velti PLC Sec. Litig.*, No. 13-CV-03889-WHO, 2015 WL 5736589, at *12 (N.D. Cal. Oct. 1, 2015) (same); *see In re Software Toolworks Inc.*, 50 F.3d 615, 621–22 (9th Cir. 1994). Here, in light of the sharp divergence between "the financial position of the Company," as reported by Borgers, and the conditions on the ground, Plaintiff has more than adequately alleged (at least for pleading purposes) that Borgers' conduct failed to satisfy its due diligence obligation. *See* AC ¶ 353.

## V. CONCLUSION

For the reasons set forth above, Borgers' Motion to Dismiss is denied.

Dated: April 2, 2025

Hernán D. Vera
United States District Judge