MICHAEL BEST & FRIEDRICH, LLP
Evan S. Strassberg (219336)
esstrassberg@michaelbest.com
Anne T. Freeland (*admitted pro hac vice*)
atfreeland@michaelbest.com
650 Main Street, Suite 500
Salt Lake City, Utah 84101
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Attorneys for Defendant
R.F. Lafferty & Co.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL PATANGE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN HEAVEN GROUP HOLDINGS LTD., QIONG JIN, JINGUANG GONG, BIN CHEN, DAOFU LIN, REVERE SECURITIES LLC, R.F. LAFFERTY & CO., BF BORGERS CPA PC, COGENCY GLOBAL INC., and COLLEEN A. DE VRIES<br><br>Defendants. | Case No. 2:23-cv-10619-HDV-SK<br><br>CLASS ACTION<br><br>**R.F. LAFFERTY & CO.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**CROSSCLAIM AGAINST DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS LTD.**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant R.F. Lafferty & Co. ("Lafferty"), by and through its counsel of record, submits the following Answer to the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") filed by Plaintiff Rahul Patange ("Plaintiff" or "Patange"), dated 7/16/2024.

## I.    VIOLATIONS OF THE EXCHANGE ACT

### A. The Nature of The Exchange Action

1.    Paragraph 1 states legal theories and conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

2.      Lafferty admits, upon information and belief, that Golden Heaven is a Cayman Islands company that manages and operates amusement parks. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 2 and therefore denies the same.

3.      The Offering Documents speak for themselves and Lafferty denies any allegations inconsistent with those statements. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 3 and therefore denies the same.

4.      Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the allegations.

5.      Lafferty denies that any false or misleading statements were made and denies the remaining allegations for lack of knowledge or information.

6.      Deny.

**B. Jurisdiction And Venue for the Exchange Act Claims**

7.      Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

8.      Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

9.      Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

10.      Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

**C. The Exchange Act Parties**

11.      Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 and therefore denies the same. Lafferty specifically denies any wrongdoing, and that any of its acts or omissions caused any Plaintiff any harm.

2

12.    Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, Lafferty admits them upon information and belief.

13.    Admit upon information and belief.

14.    Admit upon information and belief.

15.    Admit upon information and belief.

16.    Admit upon information and belief.

17.    Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Lafferty admits that De Vries signed the Registration Statement and denies the remaining allegations, including that the Registration Statement was "false and misleading."

18.    This paragraph contains a statement to which no response is required.

19.    Paragraph 19 is not directed at Lafferty and thus no response from Lafferty is required. To the extent a response is required, the allegations are denied.

20.    Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

21.    Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

22.    This paragraph consists of a statement to which no response is required.

**D. The Exchange Act Substantive Allegations**

**1. Chinese-Based Amusement Park Company, Golden Heaven, Solicits U.S. Funding for IPO.**

23.    Admit upon information and belief.

24.    Admit upon information and belief.

25.    Admit on information and belief.

26.    The content of the investor presentation speaks for itself and Lafferty denies any allegations inconsistent therewith.

27.     The "business overview" speaks for itself and Lafferty denies any allegations inconsistent with those statements.

28.     The "March 2023 presentation" speaks for itself and Lafferty denies any allegations inconsistent with those statements.

29.     Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 and therefore denies the same.

### 2. During the IPO and After, Golden Heaven Touts Strong Demand from Park Guests and Well-Maintained Rides and Attractions at its Six Parks.

30.     The April 13, 2023 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

31.     The April Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

32.     The Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

33.     The Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

34.     The "Offering Documents" speak for themselves and Lafferty denies any allegations inconsistent with those statements.

35.     To the extent this paragraph purports to paraphrase or quote the Offering Documents, the terms of those documents speak for themselves and Lafferty denies any allegations inconsistent with the documents themselves.

36.     The Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

37     The press releases and earnings call speak for themselves and Lafferty denies any allegations inconsistent with those statements.

4

38.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 and therefore denies the same.

### 3. Unknown to U.S. Investors, The Golden Heaven Parks Are Largely Empty, With Poorly Maintained Rides and Attractions.

39.   Deny.

40.   Lafferty is without sufficient knowledge or information to form a belief as to whether any investigators visited any parks and, if so, what they observed.  Moreover, because Plaintiff has refused to identify the "investigators," Lafferty lacks any knowledge or information as to their qualifications, possible biases, or any other matter that might reflect on the quality and veracity of any conclusions they supposedly drew.  Lafferty denies the remaining allegations set forth in paragraph 40.

41.   The Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

### 4. Unknown to U.S. Investors, The Parties Promoting Golden Heaven's IPO and Financing Have A Shady Record of Performance.

42.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 and therefore denies the same.

43.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 43 and therefore denies the same.

44.   To the extent the allegations in paragraph 44 are directed at Lafferty, the allegations are denied. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

45.   To the extent this paragraph purports to cite or quote a third-party source, Lafferty is without knowledge of what was reported or the basis for the reporting.  Lafferty denies the remaining allegations in paragraph 45.

46.   The BrokerCheck report speaks for itself and Lafferty denies any allegations inconsistent with those statements.

5

47. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 47 and therefore denies the same.

48. The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 48 and therefore denies the same.

49. The Form 6-K speaks for itself and Lafferty denies any allegations inconsistent with those statements. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 49 and therefore denies the same.

50. This paragraph contains conclusions untethered to any facts, and thus no response is required. To the extent a response is required, Lafferty denies the same.

**5. Two Investigations Confirm Golden Heaven's Fraud.**

51. The content of the Hindenburg report speaks for itself, and Lafferty lacks knowledge or information as to what the "investigators" actually did or found, or the truth of their reporting.

52. The content of the Hindenburg report speaks for itself, and Lafferty lacks knowledge or information as to what the "investigators" actually did or found, or the truth of their reporting.

53. The content of the Hindenburg report speaks for itself, and Lafferty lacks knowledge or information as to what the "investigators" actually did or found, or the truth of their reporting.

54. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 54 and therefore denies the same.

55. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 55 and therefore denies the same.  Plaintiffs do not identify who the "investigator" was, or which "investigative firm" supposedly visited any parks.

**E. Materially False and Misleading Statements For the Exchange Act Claims**

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

R.F. LAFFERTY & CO.'S ANSWER TO AMENDED ACTION COMPLAINT FOR IOLATIONS OF THE FEDERAL SECURITIES LAWS; CROSSCLAIM AGAINST DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS, LTD.

57.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

58.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

59.    Deny.

60.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

61.    Deny.

62.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

63.    Deny.

64.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

65.    Deny.

66.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

67.    Deny.

68.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

69.    Deny.

70.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

71.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

72.    Deny.

R.F. LAFFERTY & CO.'S ANSWER TO AMENDED ACTION COMPLAINT FOR IOLATIONS OF THE FEDERAL SECURITIES LAWS; CROSSCLAIM AGAINST DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS, LTD.

73. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

74. The Offering Documents speak for themselves and Lafferty denies any allegations inconsistent with those statements.

75. The Offering Documents speak for themselves and Lafferty denies any allegations inconsistent with those statements.

76. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

77. Deny.

78. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

79. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

80. Deny.

81. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

82. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

83. Deny.

84. The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

85. Paragraph 85 states legal conclusions to which no response is required. Moreover, Plaintiffs do not allege that Lafferty had any involvement in the statement at issue, and thus it does not pertain to Lafferty. To the extent a response is required, Lafferty denies the same.

86. The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

8

87.    Paragraph 87 states legal conclusions to which no response is required.  Moreover, Plaintiffs do not allege that Lafferty had any involvement in the statement at issue, and thus it does not pertain to Lafferty. To the extent a response is required, Lafferty denies the same.

88.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 88 and therefore denies the same.

89.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 89 and therefore denies the same.

90.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 90 and therefore denies the same.

91.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 91 and therefore denies the same.

92.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 92 and therefore denies the same.

93.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 93 and therefore denies the same.

94.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 94 and therefore denies the same.

95.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 95 and therefore denies the same.

96.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 96 and therefore denies the same.

97.    Paragraph 97 states legal conclusions to which no response is required. Moreover, Plaintiffs do not allege that Lafferty had any involvement in any of the statements at issue, and thus they do not pertain to Lafferty. To the extent a response is required, Lafferty denies the same.

98.    The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

R.F. LAFFERTY & CO.'S ANSWER TO AMENDED ACTION COMPLAINT FOR IOLATIONS OF THE FEDERAL SECURITIES LAWS; CROSSCLAIM AGAINST DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS, LTD.

99.    Paragraph 99 states legal conclusions to which no response is required. Moreover, Plaintiffs do not allege that Lafferty had any involvement in the statement at issue, and thus it does not pertain to Lafferty. To the extent a response is required, Lafferty denies the same.

100.    Deny.

**F. <u>The Truth Emerges</u>**

101.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 101 and therefore denies the same.

102.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 102 and therefore denies the same.

103.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 103 and therefore denies the same.

104.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 104 and therefore denies the same.

105.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 105 and therefore denies the same.

106.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 106 and therefore denies the same.

107.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 107 and therefore denies the same.

108.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 108 and therefore denies the same.

109.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 109 and therefore denies the same.

110.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 110 and therefore denies the same.

111.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 111 and therefore denies the same.

112.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 112 and therefore denies the same.

113.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 113 and therefore denies the same.

114.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 114 and therefore denies the same.

115.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 115 and therefore denies the same.

116.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 116 and therefore denies the same.

117.    The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

118.    The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

119.    The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

120.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 120 and therefore denies the same.

121.    The December 6 Press Release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

122.    The December 6 Press Release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

123.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 123 and therefore denies the same.

11

124. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 124 and therefore denies the same.

125. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 125 and therefore denies the same.

126. The Form 6-K speaks for itself and Lafferty denies any allegations inconsistent with those statements.

127. Deny.

### G. Plaintiff's Independent Investigation Confirms The Truth

128. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 128 and therefore denies the same.

129. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 129 and therefore denies the same.

130. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 130 and therefore denies the same.

131. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 131 and therefore denies the same.

132. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 132 and therefore denies the same.

133. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 133 and therefore denies the same.

134. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 134 and therefore denies the same.

135. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 135 and therefore denies the same.

136. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 136 and therefore denies the same.

137.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 137 and therefore denies the same.

138.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 138 and therefore denies the same.

139.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 139 and therefore denies the same.

140.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 140 and therefore denies the same.

141.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 141 and therefore denies the same.

142.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 142 and therefore denies the same.

143.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 143 and therefore denies the same.

144.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 144 and therefore denies the same.

145.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 145 and therefore denies the same.

146.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 146 and therefore denies the same.

147.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 147 and therefore denies the same.

148.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 148 and therefore denies the same.

**H. Scienter Allegations for the Exchange Act Claims**

149.    Deny.

150.    Paragraph 150 states legal theories and conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

151.    Paragraph 151 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

152.    Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

153.    The IPO and Prospectus speak for themselves and Lafferty denies any allegations inconsistent with those statements.

154.    Paragraph 154 states legal conclusions and theories to which no response is required. To the extent a response is required, Lafferty denies the same.

155.    Paragraph 155 states legal conclusions and theories to which no response is required. To the extent a response is required, Lafferty denies the same.

### I. Class Action Allegations for the Exchange Act Claims

156.    Paragraph 156 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

157.    Paragraph 157 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

158.    Paragraph 158 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

159.    Paragraph 159 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

160.    Paragraph 160 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

161.    Paragraph 161 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

162. Paragraph 162 states legal conclusions to which no response is required. It is also unclear what Plaintiffs are alleging, or what standard is used to determine, what constitutes "moderate to heavy volume during the Class Period." To the extent a response is required, Lafferty denies the same.

163. Paragraph 163 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

164. Paragraph 164 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

**J. Claims Under Section l0(b) and 20(a) of the Exchange Act**

**COUNT I**

**(Violations of Section 10B of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

165. Lafferty repeats its responses to the above allegations as if fully set forth herein.

166. Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

167. Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

168. Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

169. Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

170.    Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

171.    Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

172.    Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

173.    Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

174.    Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)

175.    Lafferty repeats its responses to the above allegations as if fully set forth herein.

176.    Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

177.    Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

R.F. LAFFERTY & CO.'S ANSWER TO AMENDED ACTION COMPLAINT FOR IOLATIONS OF THE FEDERAL SECURITIES LAWS; CROSSCLAIM AGAINST DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS, LTD.

178.    Counsel for Plaintiffs has made clear that this cause of action is not being asserted against Lafferty, and thus no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## II.    VIOLATIONS OF THE SECURITIES ACT

### A. The Nature Of The Securities Action

179.    Paragraph 179 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

180.    Admit on information and belief.

181.    The Offering Documents speak for themselves and Lafferty denies any allegations inconsistent with those statements.

182.    Deny.

183. Lafferty denies that any false or misleading statements were made and denies the remaining allegations for lack of knowledge or information.

184.    Deny.

### B. Jurisdiction And Venue for the Securities Act Claims

185.    Paragraph 185 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

186.    Paragraph 186 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

187.    Paragraph 187 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

188.    Paragraph 188 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

### C. The Securities Act Parties

189. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 189 and therefore denies the same. Lafferty specifically denies any allegation that any Plaintiff was damaged as a result of any act or omission of Lafferty.

190. Admit on information and belief.

191. Admit on information and belief.

192. Admit on information and belief.

193. Admit on information and belief.

194. Admit on information and belief.

195. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 195 and therefore denies the same. Lafferty specifically denies that the Registration Statement was materially false or misleading.

196. This paragraph consists of statements not directed at Lafferty; therefore, no response is required. To the extent a response is required, Lafferty denies the allegations in paragraph 196.

197. Paragraph 197 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same. Lafferty specifically denies that the Registration Statement was materially false or misleading.

198. Paragraph 198 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

199. Paragraph 199 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

200. This paragraph consists of statements not directed at Lafferty; therefore, no response is required. To the extent a response is required, Lafferty denies the allegations in paragraph 200.

201. This paragraph consists of statements not directed at Lafferty; therefore, no response is required. To the extent a response is required, Lafferty admits the allegations in paragraph 201.

202. Lafferty admits the allegations in paragraph 202.

203.   This paragraph does not contain factual allegations; therefore, no response is required. To the extent a response is required, Lafferty does not dispute it was an underwriter.

204.   Paragraph 204 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.  Lafferty specifically denies that the Registration Statement was materially false or misleading.

205.   Paragraph 205 states legal conclusions to which no response is required. To the extent a response is required, Lafferty admits that it was an underwriter for the Golden Heaven IPO, for which it received certain fees, and that it participated in due diligence efforts relating thereto. Lafferty denies any fraud in connection with the IPO, and all allegations relating thereto.

206.   Paragraph 206 states legal conclusions to which no response is required. Lafferty denies for lack of information any allegations about Plaintiffs' alleged purchases of Golden Heaven stock.

207.   Paragraph 207 states legal conclusions to which no response is required. To the extent a response is required, Lafferty admits that it has an Agreement with Golden Heaven wherein Golden Heaven agreed to indemnify and hold Lafferty harmless, the terms of which speak for themselves, and which are very common and indeed customary in the industry.  Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 207 and therefore denies the same.

208.   Paragraph 208 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

209.   The Prospectus and audit report speak for themselves and Lafferty denies any allegations inconsistent with those statements.  Lafferty admits that BF Borgers performed certain services and issued and signed certain documents in connection with the Golden Heaven IPO, upon which Lafferty relied in serving as an underwriter.

210.   This paragraph does not contain factual allegations; therefore, no response is required. To the extent a response is required, Lafferty denies the allegations in paragraph 210.

19

**D. The Securities Act Substantive Allegations**

211.   Admit upon information and belief.

212.   Admit upon information and belief.

213.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 213 and therefore denies the same.

214.   The content of the investor presentation speaks for itself, and Lafferty denies any allegations inconsistent therewith.

215.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 215 and therefore denies the same.

216.   The content of the investor presentation speaks for itself and Lafferty denies any allegations inconsistent therewith.

217.   The content of the investor presentation speaks for itself and Lafferty denies any allegations inconsistent therewith.

218.   The April 13, 2023 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

219.   The April Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

220.   The April Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

221.   The April Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

222.   The Offering Documents speak for themselves and Lafferty denies any allegations inconsistent with those statements.

223.   The Offering Documents speak for themselves and Lafferty denies any allegations inconsistent with those statements.

224.    The Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

225.    The press releases speak for themselves and Lafferty denies any allegations inconsistent with those statements.

226.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 226 and therefore denies the same.

227.    Deny.

228.    Lafferty lacks information as to what Plaintiffs' "investigators" did, what they allegedly discovered, or even who they are, and therefore denies the allegations in Paragraph 228.

229.    The IPO and Prospectus speak for themselves and Lafferty denies any allegations inconsistent with those statements.

230.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 230 and therefore denies the same.

231.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 231 and therefore denies the same.

232.    To the extent the allegations in paragraph 232 are directed at Lafferty, the allegations are denied. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

233.    To the extent this paragraph purports to cite or quote a third-party source, Lafferty is without knowledge of what was reported or the basis for the reporting.  Lafferty denies the remaining allegations in paragraph 233.

234.    The BrokerCheck report speaks for itself and Lafferty denies any allegations inconsistent with those statements.

235.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 235 and therefore denies the same.

21

236.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 236 and therefore denies the same.

237.    The Form 6-K speaks for itself and Lafferty denies any allegations inconsistent with those statements.

238.    This paragraph contains conclusions untethered to any facts, and thus no response is required. To the extent a response is required, Lafferty denies the same.

239.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 239 and therefore denies the same.

240.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 240 and therefore denies the same.

241.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 241 and therefore denies the same.

242.    The content of any statement referenced speaks for itself and Lafferty denies any allegations inconsistent therewith. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 242 and therefore denies the same.

243.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 243 and therefore denies the same.

**E. Materially False and Misleading Statements For the Securities Act Claims**

244.    Paragraph 244 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

245.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

246.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

247.    Deny.

248.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

249.    Deny.

250.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

251.    Deny.

252.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

253.    Deny.

254.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

255.    Deny.

256.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

257.    Deny.

258.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

259.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

260.    Deny.

261.    The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

262.    The Offering Documents speak for themselves and Lafferty denies any allegations inconsistent with those statements.

263.    The Offering Documents speak for themselves and Lafferty denies any allegations inconsistent with those statements.

23

264. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

265. Deny.

266. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

267. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

268. Deny.

269. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

270. The April 13 Prospectus speaks for itself and Lafferty denies any allegations inconsistent with those statements.

271. Deny.

### F. **The Registration Statement Failed to Comply with SEC Rules and Regulations and Applicable Accounting Principles.**

272. Paragraph 272 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

273. Paragraph 273 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

274. Paragraph 274 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

275. Paragraph 275 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

276. Paragraph 276 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

24

277.   Paragraph 277 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

278.   Paragraph 278 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

### G. Events and Disclosures Following the Offering

279.   The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

280.   Paragraph 280 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

281.   The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

282.   Paragraph 282 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

283.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 283 and therefore denies the same.

284.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 284 and therefore denies the same.

285.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 285 and therefore denies the same.

286.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 286 and therefore denies the same.

287.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 287 and therefore denies the same.

288.   Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 288 and therefore denies the same.

R.F. LAFFERTY & CO.'S ANSWER TO AMENDED ACTION COMPLAINT FOR IOLATIONS OF THE FEDERAL SECURITIES LAWS; CROSSCLAIM AGAINST DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS, LTD.

289.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 289 and therefore denies the same.

290.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 290 and therefore denies the same.

291.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 291 and therefore denies the same.

292.    Paragraph 292 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

293.    The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

294.    Paragraph 294 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

295.    Paragraph 295 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

296.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 296 and therefore denies the same.

297.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 297 and therefore denies the same.

298.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 298 and therefore denies the same.

299.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 299 and therefore denies the same.

300.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 300 and therefore denies the same.

301.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 301 and therefore denies the same.

302.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 302 and therefore denies the same.

303.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 303 and therefore denies the same.

304.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 304 and therefore denies the same.

305.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 305 and therefore denies the same.

306.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 306 and therefore denies the same.

307.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 307 and therefore denies the same.

308.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 308 and therefore denies the same.

309.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 309 and therefore denies the same.

310.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 310 and therefore denies the same.

311.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 311 and therefore denies the same.

312.    The November 16 Press Release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

313.    The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

314.    The press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

27

R.F. LAFFERTY & CO.'S ANSWER TO AMENDED ACTION COMPLAINT FOR IOLATIONS OF THE FEDERAL SECURITIES LAWS; CROSSCLAIM AGAINST DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS, LTD.

315. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 315 and therefore denies the same.

316. The December 6 press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

317. The December 6 press release speaks for itself and Lafferty denies any allegations inconsistent with those statements.

318. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 318 and therefore denies the same.

319. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 319 and therefore denies the same.

320. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 320 and therefore denies the same.

321. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 321 and therefore denies the same.

322. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 322 and therefore denies the same.

323. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 323 and therefore denies the same.

324. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 324 and therefore denies the same.

325. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 325 and therefore denies the same.

326. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 326 and therefore denies the same.

327. Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 327 and therefore denies the same.

328.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 328 and therefore denies the same.

329.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 329 and therefore denies the same.

330.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 330 and therefore denies the same.

331.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 331 and therefore denies the same.

332.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 332 and therefore denies the same.

333.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 333 and therefore denies the same.

334.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 334 and therefore denies the same.

335.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 335 and therefore denies the same.

336.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 336 and therefore denies the same.

337.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 337 and therefore denies the same.

338.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 338 and therefore denies the same.

339.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 339 and therefore denies the same.

340.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 340 and therefore denies the same.

341.    Lafferty is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 341 and therefore denies the same.

**H. Class Action Allegations for the Securities Act Claims**

342.    Paragraph 342 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

343.    Paragraph 343 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

344.    Paragraph 344 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.  Lafferty specifically denies any and all allegations of "wrongful conduct."

345.    Paragraph 345 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

346.    Paragraph 346 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

347.    Paragraph 347 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

**I. Claims Under Section 11 of the Securities Act**

**COUNT I**

**FOR VIOLATIONS OF SECTION 11 OF THE SECURITIES ACT AGAINST THE SECURITIES ACT DEFENDANTS**

348.    Lafferty repeats its responses to the above allegations as if fully set forth herein.

349.    Paragraph 349 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

350.    Deny.

351.    Paragraph 351 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

352. Paragraph 352 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

353. Paragraph 353 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

354. Paragraph 354 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same. Lafferty avers that Plaintiffs have not demonstrated that any or all of the purchases they claim to have made of Golden Heaven stock were issued in connection with the IPO. Lafferty restates and in no way waives the arguments raised in its Motion to Dismiss regarding this issue.

355. Paragraph 355 states legal conclusions to which no response is required. To the extent a response is required, Lafferty denies the same.

## COUNT II

### FOR VIOLATIONS OF SECTION 15 OF THE SECURITIES ACT AGAINST THE SECURITIES ACT DEFENDANTS

356. Lafferty repeats its responses to the above allegations as if fully set forth herein.

357. This cause of action is not being brought against Lafferty, and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

358. This cause of action is not being brought against Lafferty, and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

359. This cause of action is not being brought against Lafferty, and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

360. This cause of action is not being brought against Lafferty, and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

## COUNT III

### FOR VIOLATIONS OF SECTION 12 OF THE SECURITIES ACT AGAINST THE SECURITIES ACT UNDER,VRITER DEFENDANTS

361.     Lafferty repeats its responses to the above allegations as if fully set forth herein.

362.     This cause of action has been dismissed and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

363.     This cause of action has been dismissed and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

364.     This cause of action has been dismissed and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

365.     This cause of action has been dismissed and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

366.     This cause of action has been dismissed and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

367.     This cause of action has been dismissed and thus no response to this paragraph is required. To the extent a response is required, Lafferty denies the same.

Lafferty is not required to respond to the headings of the Amended complaint.  To the extent a response is required, Lafferty denies the allegations and characterizations in the headings. Lafferty denies all statements or allegations not specifically admitted.

Lafferty denies that a verdict should be entered against it and denies all of Plaintiff's requested relief.  Lafferty reserves the right to challenge Plaintiff's demand for a jury trial as to any claim for relief or defense for which a jury trial is unavailable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Pursuant to 15 U.S.C. § 77k(3), the Lafferty had, after reasonable investigation, reasonable ground to believe and did believe, at the time the Registration Statement became effective, that the statements therein were true and that there was no omission to state a material fact required to be

stated therein or necessary to make the statements therein not misleading.

**THIRD DEFENSE**

The Plaintiff suffered no damages.

**FOURTH DEFENSE**

The Plaintiff suffered no damages fairly traceable to any acts or omissions of Lafferty

**FIFTH DEFENSE**

The Plaintiff failed to mitigate its damages, if any.

**SIXTH DEFENSE**

Lafferty was not the proximate or legal cause of any damages Plaintiff may have suffered.

**SEVENTH DEFENSE**

The Plaintiff lacks standing to pursue the claims asserted in the Amended Complaint.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by waiver, estoppel, and/or laches.

**NINTH DEFENSE**

Plaintiff's claims are barred because of Plaintiff's failure to join necessary and indispensable parties.

**TENTH DEFENSE**

Plaintiffs have not demonstrated, and cannot demonstrate, that they purchased shares of Golden Heaven that are fairly traceable to the Golden Heaven IPO.

**ELEVENTH DEFENSE**

All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to Plaintiff's claims against Lafferty.

**PRAYER FOR RELIEF**

WHEREFORE, Lafferty prays for relief from Plaintiff's Amended Complaint as follows:

1.    That the claims be dismissed in their entirety;

33

2.      That Plaintiff take nothing by way of his claims;

3.      That Lafferty be awarded its fees and costs incurred in defending this matter; and

4.      For such other and further relief as the Court deems just and proper.

## CROSSCLAIM FOR INDEMNIFICATION
## AGAINST GOLDEN HEAVEN GROUP HOLDINGS, LTD.

Defendant R.L. Lafferty & Co. ("Lafferty"), by and through its counsel of record, submits the following Crossclaim against Golden Heaven Group Holdings, LTD. ("Golden Heaven").

1.      Crossclaim Plaintiff R.F. Lafferty & Co., Inc. ("Lafferty") is a New York corporation with its principal place of business located in New York, New York.

2.      Crossclaim Defendant Golden Heaven is a Cayman Islands exempted company with its principal place of business located in China.

3.      Lafferty served as an underwriter in connection with Golden Heaven's initial public offering (the "IPO"), which occurred on or about April 12, 2023.

4.      On or about April 11, 2023, Golden Heaven and Lafferty entered into an Underwriting Agreement relating to the work Lafferty performed in connection with the Golden Heaven IPO.

5.       Pursuant to the Underwriting Agreement, Golden Heaven agreed to indemnify and hold harmless Lafferty, its affiliates, and other related parties

against any and all loss, liability, claim, damage, and expense whatsoever (including but not limited to any and all legal or other expenses reasonably incurred in investigating, preparing, or defending against any litigation, commenced or threatened, or any claim whatsoever, whether arising out of any action between any of the Underwriter Indemnified Parties and the Company [Golden Heaven] or between any of the Underwriter Indemnified Parties and any third party, or otherwise) to which they or any of them may become subject under the Securities Act, the Exchange Act or any other statute or at common law or otherwise or under the laws of foreign countries (a "**Claim**"), arising out of or based upon any untrue statement or alleged untrue statement of a material fact contained, or the omission or alleged omission therefrom of a material fact required to be stated therein or necessary to make the statements therein, in light of the circumstances under which they were made, not misleading, in (A) the Registration Statement, the Pricing Disclosure

34

Package, any Preliminary Prospectus, the Prospectus, or in any Issuer Free Writing Prospectus or in any Written Testing-the-Waters Communication (as from time to time each may be amended and supplemented); (B) any materials or information provided to investors by, or with the approval of, the Company in connection with the marketing of the Offering, including any "road show" or investor presentations made to investors by the Company (whether in person or electronically); or (C) any application or other document or written communication (in this Section 5, collectively called "application") executed by the Company or based upon written information furnished by the Company in any jurisdiction in order to qualify the Shares under the securities laws thereof or filed with the Commission, any state securities commission or agency, the Exchange or any other national securities exchange; *unless*, with respect to each subsection (A) through (C), such statement or omission was made in reliance upon, and in conformity with, the Underwriters' Information.

6.      The lawsuit filed by Plaintiff asserts a "Claim" against Lafferty as that term is defined in the Underwriting Agreement.

7.      The Underwriting Agreement constitutes a binding, enforceable contract between Golden Heaven and Lafferty.

8.      Although Lafferty denies any liability of any kind to Plaintiff, Lafferty is entitled under the Underwriting Agreement to be indemnified and held harmless in connection with this lawsuit, including, without limitation, (a) the reimbursement of the attorneys' fees and expenses that it has incurred, and will incur, in defending against the lawsuit, whether or not Plaintiff prevails on its claims against Lafferty, and (b) full indemnity for any liability that is ultimately assessed against Lafferty in the lawsuit.

9.      Despite demand, Golden Heaven has failed and refused to reimburse Lafferty for attorneys' fees and costs incurred in defending this action.

10.     Thus, Golden Heaven is in breach of the Underwriting Agreement, as a result of which Lafferty has incurred and will continue to incur damages in an amount to be proven at trial.

11.     This Court has supplemental jurisdiction over this crossclaim under 28 U.S.C. § 1367(a) because it is so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

WHEREFORE, Lafferty requests relief as follows:

35

a.  For judgment against Golden Heaven for the attorneys' fees, costs, and expenses it incurs in defending against Plaintiff's claims;

b.  For judgment against Golden Heaven, if and only if any liability is assessed against Lafferty on Plaintiff's claims, in the full amount of any such liability;

c.  For an award of the attorneys' fees, costs, and expenses it incurs in prosecuting this counterclaim; and

d.  For such further relief as the Court deems just.

DATED this 11th day of April 2025.

**MICHAEL BEST & FRIEDRICH, LLP**


/s/ Evan S. Strassberg
Evan S. Strassberg (219336)
esstrassberg@michaelbest.com
650 S. Main Street, Suite 500
Salt Lake City, UT 84101
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

*Counsel for R.F. Lafferty & Co., Ltd.*

R.F. LAFFERTY & CO.'S ANSWER TO AMENDED ACTION COMPLAINT FOR IOLATIONS OF THE FEDERAL SECURITIES LAWS; CROSSCLAIM AGAINST DEFENDANT GOLDEN HEAVEN GROUP HOLDINGS, LTD.