POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Rahul Pantage and*
*Lead Counsel for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOLDEN HEAVEN GROUP HOLDINGS LTD. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO *ALL ACTIONS* | Case No. 2:23-cv-10619-HDV-SK<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND FILE THE [PROPOSED] SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date:   November 13, 2025<br>Time:  10:00 a.m.<br>Ctrm:  5B, Fifth Floor<br>Judge: Hon. Hernán D. Vera |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................................i

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.      INTRODUCTION ............................................................................................................. 1

II.     RELEVANT PROCEDURAL HISTORY ........................................................................ 3

III.    ARGUMENT .................................................................................................................... 4

        A.     Amendment Is Not Futile. ...............................................................................5

        B.     Plaintiff Diligently Seeks to Add the Control-Person Defendants in Good Faith. ......8

        C.     Amendment Will Not Prejudice Defendants. ................................................. 10

        D.     Justice Requires Permitting the Amendment. ................................................ 11

IV.     CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Abels v. JBC Legal Group, P.C.*,
   229 F.R.D. 152 (N.D. Cal. 2005)...................................................................................................... 8

*Acri v. International Assoc. of Machinists & Aerospace Workers*,
   781 F.2d 1393 (9th Cir. 1986) ....................................................................................................... 9

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
   465 F.3d 946 (9th Cir. 2006) ....................................................................................................... 10

*Baker v. SeaWorld Ent., Inc.*,
   423 F. Supp. 3d 878 (S.D. Cal. 2019).......................................................................................... 7

*Bonin v. Calderon*,
   59 F.3d 815 (9th Cir. 1995) .......................................................................................................... 9

*Brown v. Stored Value Cards, Inc.*,
   953 F.3d 567 (9th Cir. 2020) ........................................................................................................ 8

*DCD Programs v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ............................................................................................. 4, 5, 10

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ............................................................................................... 4, 10

*Foman v. Davis*,
   371 U.S. 178 (1962).............................................................................................................. 4, 10

*Fru-Con Const. Corp. v. Sacramento Mun. Util Dist.*,
   2006 WL 3733815 (E.D. Cal. Dec. 15, 2006) .............................................................................. 9

*Giuliano v. SanDisk Corp.*,
   No. C 10-02787 SBA, 2014 WL 4685012 at *5, (N.D. Cal. Sep. 19, 2014)................................... 9

*Hollinger v. Titan Capital Corp.*,
   914 F.2d 1564 (9th Cir. 1990) .................................................................................................. 5, 6

*Howard v. Everex Sys., Inc.*,
   228 F.3d 1057 (9th Cir. 2000) ..................................................................................................... 5

*Howey v. United States*,
   481 F.2d 1187 (9th Cir. 1973) ................................................................................................... 11

*ImprimisRx, LLC v. OSRX, Inc.*,
   No. 21-CV-01305-BAS-DDL, 2022 WL 15524584 (S.D. Cal. Oct. 27, 2022) ............................ 11

*In re Allstate Life Ins. Co. Litig.*,
  No. CV-09-8162-PHX-GMS, 2013 WL 789106 (D. Ariz. Mar. 1, 2013)..........................................6

*In re Alphabet, Inc. Sec. Litig.*,
  No. 18-CV-06245-JSW, 2023 WL 2277074 (N.D. Cal. Feb. 28, 2023) ..........................................11

*In re AST Rsch. Sec. Litig.*,
  887 F. Supp. 231 (C.D. Cal. 1995) ......................................................................................10

*In re Charles Schwab Corp. Sec. Litig.*,
  No. C 08-01510 WHA, 2009 WL 3429742 (N.D. Cal. Oct. 22, 2009) ............................................10

*In re Montage Tech. Grp. Ltd. Sec. Litig.*,
  78 F. Supp. 3d 1215 (N.D. Cal. 2015) ...................................................................................6

*In re Musicmaker.com Sec. Litig.*,
  2001 WL 34062431 (C.D. Cal. June 4, 2001) .......................................................................6, 7

*Lilly v. ConAgra Foods, Inc.*,
  No. CV 12-225 RGK (SHX), 2014 WL 12740312 (C.D. Cal. June 19, 2014) .................................11

*Lockheed Martin Corp. v. Network Solutions*,
  194 F.3d 980 (9th Cir. 1999) ...............................................................................................5

*Netbula v. Distinct Corp.*,
  212 F.R.D. 534 (N.D. Cal. 2003)...........................................................................................7

*No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*,
  320 F.3d 920 (9th Cir. 2003) ...............................................................................................5

*Osher v. JNI Corp.*,
  183 F. App'x 604 (9th Cir. 2006) ........................................................................................5

*S.J. Amoroso Constr. Co. v. Liberty Surplus Ins. Corp.*,
  No. C 09-4197 PJH, 2010 U.S. Dist. LEXIS 65634 (N.D. Cal. June 10, 2010)................................8

*Saes Getters S.P.A. v. Aeronex, Inc.*,
  219 F. Supp. 2d 1081 (S.D. Cal. 2002)...................................................................................7

*Saxton, Inc. v. Deloitte & Touche LLP*,
  156 F. App'x 917 (9th Cir. 2005) ........................................................................................4

*Shepherd v. S3 Partners, LLC*,
  No. C-09-1405 FMW, 2011 WL 4831194 (N.D. Cal. Oct. 12, 2011).............................................7

*Texaco, Inc. v. Ponsoldt*,
  939 F.2d 794 (9th Cir. 1991) ...............................................................................................8

LEAD PLAINTIFF'S MOTION TO AMEND COMPLAINT - 2:23-cv-10619-HDV-SK

*TrustLabs, Inc. v. Jaiyong*,
No. 21-CV-02606-CRB, 2024 WL 1354486 (N.D. Cal. Mar. 30, 2024) .......................................... 9

*U.S. ex rel. Knapp v. Calibre Sys., Inc.*,
No. 2:10-CV-4466-ODW, 2012 WL 1577420 (C.D. Cal. May 4, 2012) .......................................... 8

*U.S. v. United Healthcare Insurance Company*,
848 F.3d 1161 (9th Cir. 2016) .......................................................................................................... 8

*United States v. Webb*,
655 F.2d 977 (9th Cir. 1981) ............................................................................................................ 8

*Verizon Del., Inc. v. Covad Commc'ns Co.*,
377 F.3d 1081 (9th Cir. 2004) .......................................................................................................... 4

*Watson v. Ford Motor Co.*,
No. 18-cv-00928-SI, 2018 U.S. Dist. LEXIS 138324 (N.D. Cal. Aug. 15, 2018) ........................... 10

*Wawanesa Gen. Ins. Co. v. Jaguar Land Rover N. Am., LLC*,
No. 22-cv-1943-BAS-DDL, 2023 WL 4918295 (S.D. Cal. July 31, 2023) ........................................ 9

*Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*,
915 F.2d 1301 (9th Cir. 1990) .......................................................................................................... 9

*Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*,
309 F.R.D. 645 (W.D. Wash. 2015) ................................................................................................. 8

**Statutes**

Private Securities Litigation Reform Act of 1995 ........................................................................... 4, 5

Securities Act of 1933 ................................................................................................................ 1, 3, 5, 12

Securities Exchange Act of 1934 ................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 15 ...................................................................................................................... *passim*

Fed. R. Civ. P. 20 ............................................................................................................................. 7

L.R. 11-6.1 ..................................................................................................................................... 14

**Other Authorities**

"Golden Heaven Group Holdings Ltd. Announces Financial Results for the First Half of
Fiscal Year 2025," July 11, 2025, available at:
https://www.sec.gov/Archives/edgar/data/1928340/000121390025063250/ea024868801ex
99-1_golden.htm .............................................................................................................................. 2

Investing.com, "Golden Heaven Announces Share Consolidation to Meet Nasdaq Rules," May 5, 2025, available at: https://www.investing.com/news/company-news/golden-heaven-announces-share-consolidation-to-meet-nasdaq-rules-93CH-4026182; ................................ 2

Newswire, "Golden Heaven Group Holdings Ltd. Announces 15 for 1 Share Consolidation," Aug. 26, 2025, available at: https://www.globenewswire.com/news-release/2025/08/26/3139131/0/en/Golden-Heaven-Group-Holdings-Ltd-Announces-15-for-1-Share-Consolidation.html ...................................................................................... 2

StreetInsider, "Golden Heaven Group (GDHG) Receives Nasdaq Delisting Determination," Aug. 14, 2024, available at: https://www.streetinsider.com/Corporate+News/Golden+Heaven+Group+%28GDHG%29+Receives+Nasdaq+Delisting+Determination/23602116.html#:~:text=(Nasdaq:%20GDHG)%2C%20an,a%20second%20180-day%20period ........................................................ 9

William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 8:422 ............................................................................................................ 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Court already held that Plaintiff adequately alleged primary and control-person violations of Section 10(b) and 20(a) of the Exchange Act and Section 11 and 15 of the Securities Act against China-based amusement park company, issuer Golden Heaven Group Holdings Ltd. ("Golden Heaven" or the "Company") and its officers and directors, (CEO Qiong Jin, CFO Jinguang Gong, Director Bin Chen, and Director Daofu Lin).

In denying the Company's motion to dismiss the first amended complaint ("FAC"), the Court found the Company's statements lauding its park revenue, guest attendance, and condition were blatantly false, material, and (for the Section 10(b) claim) made with scienter given "[t]he broad chasm between statements made in the prospectus and the reported reality"—confirmed by two investigations that the parks were "in deplorable states of disrepair" and "largely abandoned"—"suggests that Defendants 'failed to review or check information that they had a duty to monitor, or ignored obvious signs of fraud' and "the misrepresented 'facts [are] prominent enough that it would be 'absurd to suggest' that top management was unaware of them." As a result of those misstatements that "grossly inflated" these key "performance metrics," once the truth was revealed about the true state of the "dystopian hellscape" parks, investors suffered tremendous losses.

This motion brought by Lead Plaintiff Rahul Patange ("Plaintiff') requests leave to amend to ensure he and the class will have an effective remedy for these harms. Recently, Plaintiff has learned that the primary violator, Chinese-based issuer Golden Heaven faces financial strain, an imminent delisting from Nasdaq, and that it's counsel intends to withdraw as Golden Heaven's representation—resulting in the very real possibility that any judgment against Golden Heaven will be practically unenforceable. On July 11, 2025, Golden Heaven announced that the Company's unaudited financial

results for the six months ended March 31, 2025 included net losses compared to net income in the same period previous year, meaning there is a likely chance that it does not have the cash or cash equivalents to fund a judgment.[1] In addition, on May 6, 2025 and August 26, 2025, the Company announced two reverse share splits, suggesting the Company is struggling with Nasdaq compliance and faces the delisting risk and thus may disappear from the U.S. jurisdiction.[2]

Given the practical impossibility of enforcing a U.S. judgment in China, this effectively renders the Company judgment-proof. Enforcing a U.S. judgment in China poses a huge hurdle, as there is no agreement between the countries recognizing each other's judgments or reciprocity, and Chinese courts regularly deny recognition and enforcement of foreign judgments. As Defendant's assets are located in China, it is possible that Golden Heaven evade judgment.

Plaintiff thus promptly seeks leave to amend to add controlling persons—entities and individuals that influenced or directed Golden Heaven's violations—that operate in jurisdictions more amenable to enforcement. The proposed second amended complaint ("SAC," a draft of which is attached as Exhibit 1) would add alleged control-person claims against Jinzheng Investment (a private Singapore entity wholly owned by current Defendant and former Golden Heaven CEO, Jin), Xuezheng Chen (a former Golden Heaven CEO and a resident of Hong Kong), and Chen's wholly-owned company, Qingyu Investment (a private company based in the British Virgin Islands).

---

[1] "Golden Heaven Group Holdings Ltd. Announces Financial Results for the First Half of Fiscal Year 2025," July 11, 2025, available at: https://www.sec.gov/Archives/edgar/data/1928340/000121390025063250/ea024868801ex99-1_golden.htm.

[2] Investing.com, "Golden Heaven Announces Share Consolidation to Meet Nasdaq Rules," May 5, 2025, available at: https://www.investing.com/news/company-news/golden-heaven-announces-share-consolidation-to-meet-nasdaq-rules-93CH-4026182; Newswire, "Golden Heaven Group Holdings Ltd. Announces 15 for 1 Share Consolidation," Aug. 26, 2025, available at: https://www.globenewswire.com/news-release/2025/08/26/3139131/0/en/Golden-Heaven-Group-Holdings-Ltd-Announces-15-for-1-Share-Consolidation.html.

The amendment should be allowed because Plaintiff easily satisfies the requirements of Rule 15. The proposed amendments are not futile, are brought promptly and in good faith in response to new information, and Defendants will suffer no prejudice to their ability to defend against Plaintiff's claims. By contrast, denial of leave to amend would prevent Plaintiffs from enforcing any hard-won judgment.

Plaintiff's motion to amend should be granted.

## II.  RELEVANT PROCEDURAL HISTORY

The FAC asserted violations of Section 10(b) and 20(a) of the Exchange Act against Defendants Golden Heaven, it's officers and directors, (CEO Qiong Jin, CFO Jinguang Gong, Director Bin Chen, Director Daofu Lin) and Golden Heaven's U.S. representative Colleen De Vries (FAC¶¶165–174; 175-78) and violations of Section 11 and 15 of the Securities Act (FAC¶¶ 348-55; 356–60) against Defendants Golden Heaven, it's officers and directors, U.S. representative Colleen De Vries and her employer Cogency Global, Underwriters RF Lafferty and Revere Securities, and BF Borgers CPA.

To date, none of Golden Heaven's officers and directors located in China have responded to service issued pursuant to the Hague Convention.

On September 13, 2024, Golden Heaven (joined by its U.S. representative, Cogency Global and De Vries) and Underwriter RF Lafferty filed two motions to dismiss Plaintiff's claims, the Court heard oral argument on Defendants' motions on January 30, 2025, and the Court denied those motions in their entirety on March 3, 2025.[3] Dkt. 112.

Defendant auditor BF Borgers CPA repeatedly dodged attempts at service, forcing Plaintiff to file a motion for alternative service.  Dkt. 81, 84.  After the Court granted that motion, Plaintiff agreed to stipulate to allow the late-appearing counsel for BF Borgers more time to prepare his motion to dismiss.

---

[3] The Court partially granted the Underwriter RF Lafferty's motion to dismiss as to the Securities Act Section 12 claim given Plaintiff voluntarily withdrew it.  The SAC thus removes this claim.

On December 31, 2024, Borgers moved to dismiss Plaintiff's claims, the Court heard oral argument on Borgers' motion on March 13, 2025, and the Court also denied that motion in its entirety on April 2, 2025.  Dkt. 119.

### III. ARGUMENT

Plaintiff's request for leave to amend should be granted.  The amendment of a party's pleading is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (emphasis added).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court explained the liberal standard under Rule 15: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Id*. at 182; *accord Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).  "Absent prejudice, or a strong showing of the other *Foman* factors, there exists a presumption under Rule 15 in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis original) (citing *Foman,* 371 U.S. at 182).

The Ninth Circuit follows the same liberal standard, recognizing that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."  *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (Rule 15 embodies a "policy favoring liberal amendment").  Moreover, the Court acknowledges that "[a]dherence to these principles is especially important in the context of the PSLRA" because "[i]n this technical and demanding corner of the law" pleading "can be a matter of trial and error." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Saxton, Inc. v. Deloitte & Touche LLP*, 156 F. App'x 917, 921 (9th Cir. 2005) ("Adherence to liberal grants of leave to amend is

'especially important in the context of the PSLRA.'"); *Osher v. JNI Corp.*, 183 F. App'x 604, 605 (9th Cir. 2006) ("Leave to amend is to be granted with extreme liberality in securities fraud cases.").

In granting motions for leave to amend, the Ninth Circuit's predominant consideration goes to four factors: the futility of the proposed amendment, any undue delay or bad faith, prejudice to the opposing party, and considerations of justice. *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980 (9th Cir. 1999); *DCD Programs*, 833 F.2d at 186. Each weigh in favor of granting amendment here.

## A. Amendment Is Not Futile.

The proposed amendments would add alleged control-person claims against proposed Defendants Jinzheng Investment, Xuezheng Chen, and Qingyu Investment.

Sections 20(a) of the Exchange Act and Section 15 of the Securities Act impose "joint[] and several[]" liability on any person or entity who "directly or indirectly, controls" a primary violator of the securities laws. The standard for establishing control liability under Sections 20(a) and 15 is the same. *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990).

To state such a claim, Plaintiff must allege: 1) a primary violation of the securities law, and 2) that the defendant exercised "control[]" over the violator. Under the latter prong, "'control'" has been defined as "'the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise.'" *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 n.9 (9th Cir. 2000). Importantly, a plaintiff "need not show" the controlling party's scienter or that the party "culpab[ly] participated]" in the alleged wrongdoing." *Id.* at 1065; *see also Am. W.*, 320 F.3d at 945-46 ("'it is not necessary to show actual participation or the exercise of power'"). In any event, "'[w]hether [a defendant] is a controlling person is an intensely factual question.'" *Howard*, *228* F.3d at 1065.

This Court already held that the FAC adequately alleged primary violations against issuer Golden Heaven, and this Court upheld control-person claims against the individual-Defendants directors and officers, including Defendant and former Golden Heaven CEO Jin.

Now, Plaintiff has adequately alleged control as to Jinzheng Investment, a Singapore entity 100% owned by Defendant Jin. Proposed SAC¶¶14, 197. Golden Heaven's unique dual-class structure, provides Jinzheng Investment (and thus its sole owner, Jin) 20 votes per share, ensuring Jinzheng and Jin maintain supermajority voting control: SEC filings reveal that, as of September 2023, Jinzheng Investment held 5,000,000 class A shares and 10,000,000 class B shares in Golden Heaven, providing the entity (and Defendant Jin) with ***approximately 85%*** voting power over Golden Heaven. Proposed SAC¶¶14, 197. As here, "a majority or otherwise controlling shareholder is prima facie a controlling person." *In re Musicmaker.com Sec. Litig.*, 2001 WL 34062431, at *16-*17 (C.D. Cal. June 4, 2001). Indeed, "20(a) was intended to impose liability on controlling persons, such as controlling shareholders" like Jinzheng Investment. *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1577 (9th Cir. 1990).

Plaintiff has also adequately alleged control as to Xuezheng Chen and the entity he 100% owns, Qingyu Investment. Proposed SAC¶¶18, 201. According to Golden Heaven's 2023 registration statement, Xuezheng Chen was Golden Heaven's "legal persona and manager of Golden Heaven's subsidiaries" and had previously served as Golden Heaven's CEO and filed a draft registration statement in 2022 on behalf of Golden Heaven. Proposed SAC¶¶18, 201. In this Circuit, "'[c]ourts have found general allegations concerning an individual's title and responsibilities to be sufficient to establish control.'" *Montage*, 78 F. Supp. 3d at 1228.

Through his wholly owned company, Qingyu Investment, Xuezheng Chen held 10,000,000 ordinary shares of Golden Heaven—a 20% ownership stake. Proposed SAC¶¶19, 202. This substantial ownership interest, combined with his title and responsibilities over Golden Heaven, more than adequately alleges control person liability for Golden Heaven's alleged misfeasance. *See In re Allstate*

*Life Ins. Co. Litig.*, No. CV-09-8162-PHX-GMS, 2013 WL 789106, at *4 (D. Ariz. Mar. 1, 2013) (holding that the defendant failed to meet his summary judgment burden of showing there is no material issue of fact that he did not control the company where he owned 9% of the stock and held a seat on the board of directors); *Shepherd v. S3 Partners, LLC*, No. C-09-1405 FMW, 2011 WL 4831194, at *5 (N.D. Cal. Oct. 12, 2011) (denying summary judgment on Section 20(a) claim based on one third ownership); *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 945–47 (S.D. Cal. 2019) ("a rational jury could find Blackstone exercised control throughout the Class Period" given role at company and ownership interest that "fluctuated between owning 42.8% and 22.6% of all SeaWorld common stock shares—two factors that traditionally indicate control"); *In re Musicmaker.com Sec. Litig.*, 2001 WL 34062431, at *16-*17 (C.D. Cal. June 4, 2001) (37% indirect owner is "control person").[4]

If there were any doubt, in assessing a motion for leave to amend, the court should not parse the validity of proposed amendments. "[A]n amendment is 'futile' only if it would clearly be subject to dismissal[,] . . . [but] such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Saes Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 8:422). Thus, courts hold that such challenges to the pleading are better deferred until after leave to amend is granted and the amended pleading is filed. *See, e.g.*, *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("courts will defer consideration of challenges to

---

[4] Even apart from Rule 15's liberal amendment policy, the addition of the proposed control-person defendants is proper under Federal Rule of Civil Procedure 20(a)(2). Rule 20 permits defendants to be joined in one action if: 1) the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and 2) there is at least one common question of law or fact. Here, both elements are satisfied. Plaintiff's claims against the proposed control-person defendants arise from the same alleged misstatements and omissions already at issue in this case. Moreover, the claims raise common questions of law and fact regarding whether those statements contained material misrepresentations and omissions, and whether the proposed defendants exercised control over the primary violators. Because the claims against all defendants stem from the same nucleus of facts and present overlapping legal issues, permissive joinder under Rule 20(a)(2) is proper. Thus, amendment to add these defendants is fully consistent with both Rule 15 and Rule 20.

LEAD PLAINTIFF'S MOTION TO AMEND COMPLAINT - 2:23-cv-10619-HDV-SK

the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed"); *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (same); *S.J. Amoroso Constr. Co. v. Liberty Surplus Ins. Corp.*, No. C 09-4197 PJH, 2010 U.S. Dist. LEXIS 65634, at **2-3 (N.D. Cal. June 10, 2010) (same).  The same is true here.

**B.  Plaintiff Diligently Seeks to Add the Control-Person Defendants in Good Faith.**

Plaintiff's request does not constitute undue delay.  It is well-settled that "[d]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *U.S.  v. United Healthcare Insurance Company*, 848 F.3d 1161, 1184 (9th Cir. 2016).  Instead, in determining whether delay is "undue," courts consider "(1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date."  *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991)).

All factors showcase the lack of undue delay.  There is no undue delay where the amendment is "based on newly discovered" information.  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020); *U.S. ex rel. Knapp v. Calibre Sys., Inc.*, No. 2:10-CV-4466-ODW, 2012 WL 1577420, at *3 (C.D. Cal. May 4, 2012).  It only became clear after the Court's order denying the Company's motion to dismiss that Defendant Golden Heaven had incurred net losses of U.S. $10.64 million in the first half of fiscal year 2025, compared to net income of US $2.54 million in the same period last year, and that its counsel intended to withdraw, heightening the likelihood that the Company could evade any U.S. judgment from China, and thus necessitating control-person claims against entities or persons outside of China.  In addition, after Plaintiff filed the FAC in July 2024, on August 14, 2024, Golden Heaven announced it received a notice from Nasdaq "notifying the Company that, due to the Company's failure to regain compliance with the minimum bid price of $1.00 per share requirement for continued listing …

Nasdaq has determined that the Company's securities will be scheduled for delisting from Nasdaq."[5]  In response, only this year, in May and August 2025, did the Company issue reverse share splits showcasing the imminent threat of delisting, an outcome that will further render enforce in the U.S. difficult if not impossible.

Granting leave to amend because of newly discovered information is "common and well established." *Fru-Con Const. Corp. v. Sacramento Mun. Util Dist.*, 2006 WL 3733815, at \*5 (E.D. Cal. Dec. 15, 2006); *see also Wawanesa Gen. Ins. Co. v. Jaguar Land Rover N. Am., LLC*, No. 22-cv-1943-BAS-DDL, 2023 WL 4918295 (S.D. Cal. July 31, 2023) (same).  Here, Plaintiff has moved promptly after uncovering this new information.  Moreover, there is no delay based on the current posture of the case: discovery has not yet commenced, and trial will not occur until June 22, 2027.

Nor is this request brought in bad faith.  In a Rule 15 context, the non-moving party has the burden of showing bad faith, demonstrated "by offering facts that a motion was filed for a frivolous or improper purpose." *TrustLabs, Inc. v. Jaiyong*, No. 21-CV-02606-CRB, 2024 WL 1354486, at \*9 (N.D. Cal. Mar. 30, 2024); *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990).  "In the context of a motion to amend under Rule 15, 'bad faith' generally refers to efforts to amend the pleadings late in the litigation in order to obtain an unfair tactical advantage." *Giuliano v. SanDisk Corp.*, No. C 10-02787 SBA, 2014 WL 4685012 at \*5, (N.D. Cal. Sep. 19, 2014).  Here, there is no unfair tactical advantage to be gained from the timing of the amendments; Plaintiff is not amending late in litigation in response to an adverse ruling.  Given that discovery is just commencing, summary judgment has not been briefed, and there is no looming trial date, nor is this an attempt to amend "late in litigation." *Cf. Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995); *Acri v. International Assoc. of*

---

[5] StreetInsider, "Golden Heaven Group (GDHG) Receives Nasdaq Delisting Determination," Aug. 14, 2024,                                  available                                  at: https://www.streetinsider.com/Corporate+News/Golden+Heaven+Group+%28GDHG%29+Receives +Nasdaq+Delisting+Determination/23602116.html#:~:text=(Nasdaq:%20GDHG)%2C%20an,a%20s econd%20180-day%20period.

*Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Rather, it is an attempt to avoid the potential unfairness of *Golden Heaven's* own bad faith.

### C. Amendment Will Not Prejudice Defendants.

Defendants will not be prejudiced by Plaintiff's proposed amendment. From among the *Foman* factors, "[p]rejudice is the touchstone of the inquiry under rule 15(a)," and thus "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. Prejudice can be shown where a party alleges new theories late in a case, significantly increases discovery burdens, or forces a defendant to re-litigate claims that have already been decided in a prior stage. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953-54 (9th Cir. 2006). But "[m]ost importantly, … [any] prejudice must be substantial," *Watson v. Ford Motor Co.*, No. 18-cv-00928-SI, 2018 U.S. Dist. LEXIS 138324, at *6 (N.D. Cal. Aug. 15, 2018), and the "party opposing amendment bears the burden of showing prejudice," *Eminence Cap.*, 316 F.3d at 1052 (citation and internal quotations omitted); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987) (noting that party opposing amendment "bears the burden of showing prejudice").

Defendants cannot meet this heavy burden. Here, the case remains in its early stages; discovery is just commencing, and the trial date is set for June 2027. Moreover, adding the control-person defendants will not delay proceedings or require duplication of discovery, as the allegations against them arise from the same nucleus of facts already at issue. Defendants cannot claim prejudice where the amendments raise no new claims, but instead "conform pleadings to the evidence" and put "meat on the bone" of "recurring issu[es] in this action." *In re AST Rsch. Sec. Litig.*, 887 F. Supp. 231, 236 (C.D. Cal. 1995); *In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2009 WL 3429742, at *3 (N.D. Cal. Oct. 22, 2009) (granting leave where discovery had already been completed and new allegations "pertain to existing claims," thus not requiring re-opening discovery). As Defendants will suffer no prejudicial cost or delay, there is no prejudice that would support rejecting leave to amend.

By contrast, it is *Plaintiff* who would suffer prejudice should leave to amend be denied. *See, e.g.*, *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-01305-BAS-DDL, 2022 WL 15524584, at *2 (S.D. Cal. Oct. 27, 2022) ("Any prejudice to the moving party must be weighed against the prejudice to the moving party by not allowing the amendment"), *accord Lilly v. ConAgra Foods, Inc.*, No. CV 12-225 RGK (SHX), 2014 WL 12740312, at *1 (C.D. Cal. June 19, 2014). Denial of a leave to amend would deprive Plaintiff and the class from enforcing a valid and meritorious claim against a proper party, without there being any countervailing harm or interest. *Howey*, 481 F.2d at 1191 (observing that denial of an "amendment to a pleading in order to state a potentially valid claim would hinder th[e] purpose [of litigation, which is to vindicate meritorious claims] while not promoting any other sound judicial policy"). Clearly, there is no prejudice resulting from the amendment, let alone a "substantial" one, except to Plaintiff.

### D. Justice Requires Permitting the Amendment.

Rule 15's liberal, justice-based policy also strongly favors amendment. Allowing the control-person defendants to be added ensures that all potentially liable parties are before the Court, promotes judicial efficiency, and prevents duplicative litigation. *In re Alphabet, Inc. Sec. Litig.*, No. 18-CV-06245-JSW, 2023 WL 2277074, at *2 (N.D. Cal. Feb. 28, 2023) (granting motion to supplement, noting "[t]o determine if efficiency might be achieved, courts assess 'whether the entire controversy between the parties could be settled in one action'").

More importantly, adding these proposed control-person defendants is necessary to preserve an effective remedy. The primary violator, issuer Golden Heaven, has indicated that its counsel intends to withdraw, that it faces imminent delisting, and that its finances are not sound—all potentially rendering itself judgment-proof. It would be nearly impossible to enforce a U.S. judgment in China as there is no agreement between the countries recognizing each other's judgments or reciprocity. In fact, China has one of the most restrictive reciprocity systems, regularly denying recognition and enforcement of foreign judgments. Moreover, as Defendants are located in China, it is possible that they could disengage with

litigation leaving investors with no source of recovery. These realities underscore the necessity of adding the proposed control-person defendants now.

Indeed, the federal securities laws specifically provide for control-person liability to prevent exactly this type of evasion. Section 20(a) of the Exchange Act and Section 15 of the Securities Act are remedial provisions intended to ensure that investors are not left without recourse when the primary violator cannot—or will not—satisfy a judgment. In line with this philosophy, courts have long recognized that control-person provisions exist precisely to prevent defendants from insulating themselves behind undercapitalized or non-compliant entities.

Here, absent amendment, the class risks obtaining only an empty judgment against an issuer that has declared it will not comply. Justice and the remedial purposes of Sections 15 and 20(a) therefore strongly favor adding the proposed control-person defendants now, to ensure that meaningful relief remains available to the class.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion to amend.

Dated: October 16, 2025

POMERANTZ LLP

/s/ *Samantha Daniels*
Samantha Daniels (admitted *pro hac vice)*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: 9212) 661-1100
(310) 405-7190
sdaniels@pomlaw.com
jpafiti@pomlaw.com

J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

LEAD PLAINTIFF'S MOTION TO AMEND COMPLAINT - 2:23-cv-10619-HDV-SK

Facsimile: (917) 463-1044
ahood@pomlaw.com

*Counsel for Plaintiff*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Plaintiff*

LEAD PLAINTIFF'S MOTION TO AMEND COMPLAINT - 2:23-cv-10619-HDV-SK

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 4,029 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 16, 2025                    /s/ Samantha Daniels
                                              Samantha Daniels